# CHARLESTON.

SMITH v. NEW HUNTINGTON GENERAL HOSPITAL.

Submitted May 13, 1919.    Decided May 20, 1919.

1. HUSBAND AND WIFE—*Conveyance by Husband to Wife—Interest of Wife—Statute.*

   The interest of a married woman in land conveyed to her and her husband jointly in fee is, by virtue of § 3, Ch. 66, Code, her sole and separate property which she has the power to lease without her husband's consent.  (p. 282).

2. TENANCY IN COMMON—*Unlawful Detainer—Lease by One Cotenant—Rights of Lessee.*

   The lessee of one cotenant succeeds to the rights of his lessor, is entitled to enjoy the possession together with the other cotenant, and cannot be ousted by him. The action of unlawful detainer does not lie in favor of one cotenant against another, unless the latter is claiming adverse title to the land.  (p. 282).

Error to Circuit Court, Cabell County.

Action of unlawful entry and detainer by Green Smith against the New Huntington General Hospital. Judgment for defendant on a directed verdict, writ of error denied by circuit court, and plaintiff brings error.

*Affirmed.*

*Simms & Staker,* for plaintiff in error.
*Chas. E. Hogg,* for defendant in error.

Williams, Judge:

Green Smith, the plaintiff, and his wife, Lydia Smith, are joint owners of a lot of ground 60x200 feet in the city of Huntington on which they erected a hospital building. After the completion of the building, in Decembmer, 1917, Mrs. Smith conducted a hospital therein. But on account of a nervous breakdown, and being advised by her physician not to continue the management of the hospital, she leased it on the 16th of February, 1918, to the New Huntington General Hospital, a corporation, for a term of five months at a rental of $150 per month, and placed the lessee in possession, without her husband's consent or knowledge, and while he was temporarily away from home. About two weeks thereafter her husband returned home and she informed him she had leased the property for five months but did not show him the lease contract, which was in writing and contained a provision giving the lessee the option to renew the lease for an additional period of five years on the same terms, upon giving written notice thereof before the expiration of the term. Plaintiff and his wife both say he was displeased and dissatisfied about the lease when she informed him of it, but, rather than get into litigation over it, he at first concluded to allow the lessee to remain in possession until the expiration of the term, but that as soon as he learned of the option to extend the lease, and before the end of the term, he brought this action of unlawful entry and detainer to recover the possession. The lessee is not in default, the rental has been paid to Mrs. Smith. The facts are not controverted. Mrs. Smith who was a witness for her husband admits she had no authority to act as his agent, nor does the lease agreement purport to be made on his behalf or by his permission. On the contrary, the writing contains his name as a joint lessor and a seal opposite the blank space intended for his signature. But he never signed or ratified it.

Defendant offered no evidence and at the conclusion of plaintiff's evidence moved the court to exclude it and direct a verdict in its favor, which motion the court sustained. The

verdict was returned accordingly and the court of common pleas entered judgment thereon. Plaintiff applied to the circuit court for a writ of error which was denied, and from that judgment of the circuit court he prosecutes this writ of error.

The lots were conveyed to plaintiff and his wife jointly, thereby constituting them joint tenants. §18, Ch. 71, Code. Mrs. Smith's undivided moiety is her separate estate, which the statute, §3, Ch. 66, Code, authorizes her to "hold to her sole and separate use." The same statute likewise empowers a married woman to "convey and devise real and personal property and *any interest or estate therein,* and the rents, issues and profits thereof, in the same manner, and with like effect as if she were unmarried." The power thus conferred upon a married woman to manage, control and dispose of her separate property is as broad and comprehensive as that enjoyed by an unmarried woman, and the only restriction upon such power is likewise contained in the same statute. But the restriction relates to and affects only her power to sell and convey her real estate when she is not living separate and apart from her husband. For her protection against fraud and imposition, the statute provides that she cannot sell and convey her lands, "unless her husband joins in the deed or other writing by which the same is sold or conveyed." Otherwise there is no limitation upon her right to deal with her property as if she were unmarried. Her power to bind herself by a lease of her land or interest therein, is as unlimited as that of her husband in respect to his lands. *Parent* v. *Callerand,* 64 Ill. 97.

Cotenants have equal rights to the possession of land held in cotenancy, and one cotenant cannot lease the interest of another without his authority or consent. Freeman on Cotenancy, §87. But he may, without the consent of his cotenant, lease his own interest, and his lessee will succeed to his rights and become, for the time being, a cotenant in his lessor's stead. *Austin* v. *Ahern,* 61 N. Y. 6; and *DuRette* v. *Miller,* 60 Ore. 91, 29 Am. & Eng. Anno. Cases, 1163. The lessee's right to occupy being equal to that of his lessor, it

necessarily follows that another cotenant cannot oust him, unless, after being let into possession, he claims it under title adverse to the cotenants, in which case any one of the cotenants may maintain an action of unlawful entry and recover the entire possession in his own name. *Voss* v. *King,* 33 W. Va. 236. But as long as the lessee recognizes the title of his lessor and his cotenants, he is entitled to enjoy the possession under the terms of his lease, and cannot be ousted therefrom by another cotenant. Notwithstanding the lease is void as to plaintiff, he not having joined in or authorized its execution, *Tainter* v. *Cole,* 120 Mass. 162, it is nevertheless binding on his wife and cotenant, to whose rights defendant has succeeded. *Cox* v. *McMullin,* 14 Grat. 82.

Finding no error, we affirm the judgment.

*Affirmed.*