HOWARD D. WARTENBURG

*v.*

NORA M. WARTENBURG

(No. 10878)

Submitted September 17, 1957. Decided November 19, 1957.

*Somerville, Hyer & Littlepage, Samuel D. Littlepage,* for appellant.

*John G. Anderson,* for appellee.

GIVEN, JUDGE:

Plaintiff, Howard D. Wartenburg, instituted a proceeding in chancery in the Circuit Court of Mason County against defendant, Nora M. Wartenburg, for the purpose of having partitioned real estate conveyed to them by two certain deeds. The parties are husband and wife, living separate and apart. The circuit court denied partition for the reason that the parties, "being husband and wife, took an estate by the entireties in the property conveyed", and that such an estate is not susceptible of partition.

One of the deeds, dated August 26, 1948, granted real estate to the parties "for and during their natural lives as joint tenants with remainder in fee to the survivor". The other deed, dated June 19, 1948, contained the following quoted language, inserted in the deed immediately following the designation of H. D. Wartenburg and Nora Wartenburg as grantees, "as joint tenants with the right of survivorship". No contention is made, and we perceive no presently material difference or effect, as to the meaning of the language used in the respective deeds.

Code, 37-4-1, as amended, governs the question as to what estates in land are susceptible of partition. In so far as deemed pertinent, the section reads: "Tenants in common, joint tenants and coparceners of real property, in-

cluding minerals, and lessees of mineral rights other than lessees of oil and gas minerals, shall be compelled to make partition * * *".

It is the contention of plaintiff that estates by entireties have been abolished by statute, and that the effect of the provisions of the deeds, quoted above, was to vest in the grantees a joint tenancy and that, as to a joint tenancy, partition, under the statute quoted, is compellable.

"An estate by entirety, which is a form of coownership held by husband and wife with right of survivorship, is defined as an estate held by husband and wife by virtue of title acquired by them jointly after marriage. It is a peculiar and anomalous estate. It is a sui generis species of tenancy, and a convenient mode of protecting a surviving spouse from inconvenient administration of the decedent's estate and from the other's improvident debts. The essential characteristic of an estate by entirety is that each spouse is seized of the whole or entirety and not of a share, moiety, or divisible part. Each is seized per tout et non per my. There is but one estate, and, in contemplation of law, it is held by but one person. While a tenant by the entirety owns the entire estate, yet where it is owned in fee, it is not greater in quantity than any other estate in fee. During coverture neither spouse has an estate of inheritance in property held as an estate by entirety. None of the incidents peculiar to the estate rests on any ground of public policy." 41 C. J. S., Husband and Wife, § 34.

An early Act of the Virginia Legislature, §18 of Chapter CXVI of the 1849 Code, provided: "When any joint tenant shall die, whether the estate be real or personal, or whether partition could have been compelled or not, his part shall descend to his heirs, or pass by devise, or go to his personal representative, subject to debts, curtesy, dower or distribution, as if he had been a tenant in common. And if hereafter an estate of inheritance be conveyed or devised to a husband and his wife, one moiety of such estate shall, on the death of either, descend

to his or her heirs, subject to debts, curtesy or dower; as the case may be." It was held in Virginia that this statute had the effect of converting "a tenancy by entirety into a tenancy in common". *Allen* v. *Parkey*, 154 Va. 739, 149 S. E. 615, 154 S. E. 919. The Code of 1868 of this State, Chapter 71, §18, contained a provision in the same words as the 1849 Code of Virginia. The provision, in words to the same effect, remained a part of the statutory laws of this State until the adoption of the 1931 Code, when, by Chapter 36, Article 1, Section 19, the wording was changed to read: "When any joint tenant or tenant by the entireties of an interest in real or personal property, whether such interest be a present interest, or by way of reversion or remainder or other future interest, shall die, his share shall descend or be disposed of as if he had been a tenant in common". The Revisers of the 1931 Code appended a note to the section, saying: "This section is a shorter and more direct statement but having the same effect as §18, c. 71, Code 1923". The Legislature, however, as indicated by the Committee's Note, omitted "The word 'inheritable' which formerly preceded 'interests' in the second line of this section as drafted by the revisers".

The precise question involved in the instant case was discussed at length and, we think, decided, in *McNeeley* v. *South Penn Oil Co.*, 52 W. Va. 616, 44 S. E. 508. The pertinent holding was : "5. The conveyance of land to husband and wife since 1st April, 1869, does not create an estate by entirety, but a joint tenancy, and the wife's interest is separate estate * * *". After considering the effect of the married woman's statutes on estates by entirety, pointing out that the weight of authority then was to the effect that such statutes alone did not abolish estate by entirety, and after referring to Section 18 of Chapter 71 of the 1868 Code, Judge Brannon, speaking for the Court, said: "A reason exists from this in this State for saying that estates by entirety have ceased, since the married woman's act, that does not exist in other states.

Survivorship has perished under the Code of 1850; the right of the husband to control and take the profits of and convey for his life the interest of the wife in entirety estates has been taken away by the separate estate act. What is left of an estate by entirety? Is its indivisibility or impartibility still left? I think not, as I think the statute of partition applies to it * * *". See *Everly* v. *Schoemer*, 139 W. Va. 392, 80 S. E. 2d 334; *Edwards* v. *Edwards*, 117 W. Va. 505, 185 S. E. 904; *Smith* v. *New Huntington General Hospital*, 84 W. Va. 281, 99 S. E. 461; *Irvin* v. *Stover*, 67 W. Va. 356, 67 S. E. 1119. In *Smith* v. *New Huntington General Hospital, supra,* the conveyance was to a married woman and her husband. The Court, in its opinion, stated: "The lots were conveyed to plaintiff and his wife jointly, thereby constituting them joint tenants. §18, Ch. 71, Code. Mrs. Smith's undivided moiety is her separate estate, which the statute, §3, Ch. 66, Code, authorizes her to 'hold to her sole and separate use' * * *".

In addition to the change in the language contained in Section 18 of Chapter 71 of the 1868 Code by the adoption of the 1931 Code, it may be helpful to point out that important and pertinent amendments and additions have been made to the statutory provisions relating to the rights of married women since the decision of *McNeeley* v. *South Penn Oil Co., supra.* For example, Section 13 of Article 3 of Chapter 48 first became a part of our statutory law with the adoption of the 1931 Code. The section reads: "Any property to which a married woman is entitled, either at law or in equity, may not be subjected to any restraints upon alienation or other restrictions that may not lawfully be placed upon the property of persons not married". Though we assume the holding in *McNeeley* v. *South Penn Oil Company, supra,* to be erroneous, how can we now say that the interest of a married woman in real estate is not susceptible of partition, in view of such changes in the married woman's statutes, while the same interest, if owned by a woman "not married", would be susceptible of partition?

In considering the effect of the several pertinent statutory provisions, we have not overlooked Code, 36-1-20, relating to the rights of survivorship. We think, however, that section can not be given controlling effect as to the question involved. The rights of survivorship do not depend on the continued existence of common law estates by entireties. Such estates were created and existed at common law only by virtue of a fiction, a fiction not recognized in this State, that a husband and wife constitute a unity, and that, therefore, separate and distinct interests in property could not be created by a conveyance to them.

The effect of the statutes mentioned, especially Code, 36-1-19, we believe, completely abolishes common law estates by entireties. This being true, the deeds mentioned created joint tenancies in the grantees, vesting in each an undivided one half interest in the properties conveyed, subject to the survivorship rights of each other. Partition of the real estate conveyed by the deeds, therefore, is compellable.

The judgment of the Circuit Court of Mason County is reversed, and this cause is remanded to that court for further proceedings.

*Reversed and remanded.*