300 S.E.2d 629

**Marshall HERRING, et al., etc.**

**v.**

**Clarence CARROLL, Jr., et al., etc.**

**No. 15663.**

Supreme Court of Appeals of
West Virginia.

Feb. 16, 1983.

E. Henry Broh, Huntington, for appellants.

Huddleston, Bolen, Beatty, Porter & Copen and Thomas J. Murray, Huntington, for appellees.

MILLER, Justice:

In this appeal from an order of the Circuit Court of Cabell County, we are asked to determine if one joint tenant can convey all of his right, title and interest in real property and, thereby, destroy the other joint tenant's right of survivorship, thus, in effect creating a tenancy in common. The lower court held such action could be taken and we affirm its judgment.

This case began when George Herring, now deceased, instituted a suit attempting to nullify a deed by which his wife conveyed to her son by a previous marriage all "her right, title and interest" in certain property. This property had been conveyed to Mr. and Mrs. Herring as joint tenants with the right of survivorship.[1]

1. The original deed to Mr. and Mrs. Herring provided:

"TO HAVE AND TO HOLD unto said parties of the second part, and the Survivor of them, his heirs and assigns forever.

After Mr. Herring's death, his son, Marshall Herring, and daughter, Beatrice Midkiff, devisees under Mr. Herring's will, were substituted as parties plaintiff and are the appellants herein.

The circuit court denied the appellants' motion for a summary judgment and granted the appellee's motion for a summary judgment which established the appellee's ownership of an undivided-half interest in the property. The circuit court held that one joint tenant with the right of survivorship can unilaterally convey his interest in property to another and destroy the other joint tenant's right of survivorship in the property and thereby establish a tenancy in common.

■ In order to create a common law joint tenancy in real property the parties must receive an undivided interest under four conditions: (1) each party's undivided interest must vest at the same time; (2) each party must receive an undivided interest in the whole estate; (3) each party's possession must be coequal so that his property interest is the same as to the legal estate and duration; and, (4) each party must receive his interest in the same title document. These four conditions for the creation of a common law joint tenancy are commonly abbreviated as the four unities of time, interest, possession and title. The main attribute of a common law joint tenancy was the right of survivorship. H. Tiffany, The Law of Real Property §§ 418–419 (3d ed. 1939); 20 Am.Jur.2d Cotenancy and Joint Ownership §§ 3 & 4 (1965). The common law incident of survivorship in a joint tenancy arose by virtue of the existence of the four unities and was not as a result of any formal words of survivorship in the title document.

■ The common law incident of survivorship in a joint tenancy has been altered [2] by W.Va.Code, 36-1-19, which provides:

"When any joint tenant or tenant by the entireties of an interest in real or personal property, whether such interest be a present interest, or by way of reversion or remainder or other future interest, shall die, his share shall descend or be disposed of as if he had been a tenant in common."

We have rather uniformly held that this statute abrogates the right of survivorship in a common law joint tenancy unless under W.Va.Code, 36-1-20, "it manifestly appears from the tenor of the instrument that it was intended that the part of the one dying should then belong to the others." [3]

"It is the intention of this conveyance that said parties of the second part are to be vested with title as joint tenants, with the incident of survivorship, and not as tenants in common; so that upon the death of either of said parties of the second part, the entire fee simple absolute title in and to said property shall ipso facto become vested in the Survivor of said parties of the second part."

2. Professor L. Brown in his law review article, *Some Aspects of Joint Ownership in Real Property in West Virginia*, 63 W.Va.L.Rev. 207, 209 (1961), gives this summary of the reasons for altering a common law joint tenancy:

"As the feudal system lost its hold the chancery courts began to hold that a conveyance to two or more persons created a tenancy in common if there was anything in the creating instrument to negat[e] an intent to create a joint tenancy. This was probably because a contrary holding meant the perpetration of a trap for the unwary. It is doubtful if many laymen realize that they are not obtaining an inheritable estate when they are grantees in a deed along with other grantees. If *A* and *B* are the grantees in a deed they would probably both believe that they each had an estate which they could devise by will or which would descend to their heirs in case of intestacy. Indeed, this is probably the reason that most states, including West Virginia, today have statutes eliminating the element of survivorship unless the intent to create survivorship manifestly appears in the instrument creating the joint tenancy." (Footnotes omitted)

For other law reviews in this area, *see* Merricks, *Joint Estates in Real Property in West Virginia*, 61 W.Va.L.Rev. 101 (1959); Note, *The Creation of Joint Tenancies—Common Law Technicalities vs. The Grantor's Intent*, 82 W.Va.L.Rev. 335 (1979).

3. W.Va.Code, 36-1-20 (1923), provides:

"The preceding section [§ 36-1-19] shall not apply to any estate which joint tenants have as executors or trustees, nor to an estate conveyed or devised to persons in their own right, when it manifestly appears from the tenor of the instrument that it was intended that the part of the one dying should then belong to the others. Neither shall it affect the mode of proceeding on any joint judgment or decree in favor of, or on any contract with two or more, one of whom dies." (Brackets in original)

*DeLong v. Farmers Building and Loan Association*, 148 W.Va. 625, 137 S.E.2d 11 (1964); *Neal v. Hamilton Company*, 70 W.Va. 250, 73 S.E. 971 (1912); *McNeeley v. South Penn Oil Company*, 52 W.Va. 616, 44 S.E. 508 (1903); *cf. State ex rel. Miller v. Sencindiver*, 166 W.Va. 355, 275 S.E.2d 10 (1980). There is no question in this case that the initial deed to Mr. and Mrs. Herring contained the survivorship provision.[4]

■ Under common law property concepts where the conveyance is jointly to a husband and wife, this creates a tenancy by the entirety which is analogous to a joint tenancy in bestowing a right of survivorship. *McNeeley v. South Penn Oil Company, supra;* 41 Am.Jur.2d *Husband and Wife* § 55, *et seq.* (1968); 2 H. Tiffany, The Law of Real Property § 430 (3d ed. 1939).[5] However, we have held in two prior cases that the provisions of W.Va.Code, 36–1–19, when coupled with our married woman's statutes have abolished the common law estate of tenancy by the entirety. This point was summarized in *Wartenburg v. Wartenburg*, 143 W.Va. 141, 146, 100 S.E.2d 562, 565 (1957):

> "The effect of the statutes mentioned, especially Code, 36–1–19, we believe, completely abolishes common law estates by entireties. This being true, the deeds mentioned created joint tenancies in the grantees, vesting in each an undivided one half interest in the properties conveyed, subject to the survivorship rights of each other."

*See also McNeeley v. South Penn Oil Company, supra.* As a consequence of these decisions, we have treated conveyances to husband and wife where the right of survivorship is spelled out in the deed, such as involved in this case, as a joint tenancy.

■ We have not had occasion to directly determine if a joint tenant of real estate may convey his undivided interest. In *Wartenburg v. Wartenburg, supra,* we held that partition was available to a joint tenant under W.Va.Code, 37–4–1. It is generally, if not universally, recognized elsewhere that a joint tenant may convey his undivided interest in real property to a third person. When one of two joint tenants conveys his undivided interest to a third person the right of survivorship is destroyed.[6] Such third party and the remaining joint tenant hold the property as tenants in common.[7] This result obtains because the four essential unities of time, interest, possession and title that must exist to sustain a joint tenancy no longer remain by virtue of the subsequent conveyance to the new grantee. *E.g., Ferree v. City of Yuma*, 124 Ariz. 225, 603 P.2d 117 (App.1979); *First National Bank of Sou-*

---

In 1981, this section was amended to add the following subdivision (b):

"When the instrument of conveyance or ownership in any estate, whether real estate or tangible or intangible personal property, links multiple owners together with the disjunctive 'or,' such ownership shall be held as joint tenants with the right of survivorship, unless expressly stated otherwise."

**4.** *See* note 1, *supra.*

**5.** One of the chief differences between a joint tenancy and a tenancy by the entirety is that during coverture neither husband nor wife holding as tenants by the entirety could convey their undivided interest. 41 Am.Jur.2d *Husband & Wife* § 71 (1968); 2 H. Tiffany, The Law of Real Property § 436 (3d ed. 1939).

**6.** Where there are more than two joint tenants and a conveyance is made by one of the joint tenants to a third party, the third party holds his undivided interest as a tenant in common with the other joint tenants who still remain as joint tenants with a right of survivorship *inter se.*

*E.g., In re Estate of Baglione*, 65 Cal.2d 192, 417 P.2d 683, 53 Cal.Rptr. 139 (1966); *Johnson v. Johnson*, 11 Ill.App.3d 681, 297 N.E.2d 285 (1973); *Alexander v. Boyer*, 253 Md. 511, 253 A.2d 359 (1969); *Giles v. Sheridan*, 179 Neb. 257, 137 N.W.2d 828 (1965); 20 Am.Jur.2d *Cotenancy and Joint Ownership* § 16 (1965).

**7.** In Syllabus Point 3 of *Davis v. Settle*, 43 W.Va. 17, 26 S.E. 557 (1896), we said: "Common seisin in fact or law, without regard to source of title, creates a co-tenancy." In 4 Thompson on Real Property § 1793 (1979), this explanation of a tenancy in common is given:

"A tenancy in common is a joint interest in which there is a unity of possession but separate and distinct titles. A tenancy in common exists where property is held by several distinct titles by unity of possession, neither knowing his own severalty, and, therefore, they all occupy promiscuously. It is not an estate, but a relation between persons. The only essential is a unity or right of possession." (Footnotes omitted)

*thglenn v. Energy Fuels Corp.*, 200 Colo. 540, 618 P.2d 1115 (1980); *In re Estate of Denler*, 80 Ill.App.3d 1080, 36 Ill.Dec. 221, 400 N.E.2d 641 (1980); *In re Estate of Laue,* 225 Kan. 177, 589 P.2d 558 (1979); *Leonard v. Boswell*, 197 Va. 713, 90 S.E.2d 872 (1956); *Nelson v. Albrechtson*, 93 Wis.2d 552, 287 N.W.2d 811 (1980); 2 H. Tiffany, The Law of Real Property § 425 (3d ed. 1939); 64 A.L.R.2d 918 (1959). This point is summarized in 20 Am.Jur.2d *Cotenancy and Joint Ownership* § 16 at 109 (1965):

> "Any act of a joint tenant which destroys one or more of its necessarily coexistent unities operates as a severance of the joint tenancy and extinguishes the right of survivorship. The act of one joint tenant in severing his interest in the property by alienation severs the joint tenancy to that extent, so that if there were but two tenants, the joint tenancy is terminated." (Footnotes omitted)

■ The appellants point to Syllabus Point 1 [8] and the following passage in *State ex rel. Miller v. Sencindiver*, 166 W.Va. at 361, 275 S.E.2d at 14, and claim we have recognized that the Legislature has altered the common concepts of joint tenancy:

> "[B]ecause by the Legislature's modifications of the common law concerning joint tenancies, tenancies by the entireties, and cotenancies which allow creation by the parties of the incident of survivorship when intention to do so has been made clearly evident in a titling document, the Legislature has in effect preempted the matter."

The appellants argue that if joint tenancies are legislatively created then the four common law unities must be deemed to be legislatively abolished. In this event, they assert that the language in the original deed to Mr. and Mrs. Herring creating survivorship must control and this would preclude Mrs. Herring's ability to transfer her undivided interest.

**8.** Syllabus Point 1 of *Sencindiver* states: "Joint tenancy with right of survivorship is a statutorily created estate in real property, Code, 36–1–20,

This argument misreads *Sencindiver* and our prior case law interpreting W.Va. Code, 36–1–19 and 20. In *Sencindiver*, we were confronted with an interpretation of W.Va.Code, 42–4–2, which precludes a person convicted of conspiring to or feloniously killing another from inheriting the deceased person's property. The statute enumerated specific modes of obtaining the property, i.e. "either by descent and distribution, or by will, or by any policy or certificate of insurance or otherwise." W.Va.Code, 42–4–2.

The specific issue in *Sencindiver* was whether this statute foreclosed the taking of an undivided ownership of real property owned by the deceased in which the defendant had a right of survivorship. We found that the right of survivorship was established in the deed and did not come within the terms of W.Va.Code, 42–4–2. There was no issue in *Sencindiver* relating to the creation of a joint tenancy with the right of survivorship since all parties agreed this was the type of property estate that existed. Consequently, we had no occasion in *Sencindiver* to discuss the four unities that are essential to the creation and maintenance of a joint tenancy.

Moreover, our cases which discuss W.Va. Code, 36–1–19 and 20, have never suggested that these statutes have abolished the common law four unities that are essential to a joint tenancy. In *Neal v. Hamilton Company*, 70 W.Va. at 262, 73 S.E. at 975, this statement was made:

> "True in this State as in Virginia the right of survivorship, at common law, is abolished by statute, but this is not so, if the deed, or as here, the will, expressly limits the estate granted or devised to the survivor. When so limited the grantees or devisees take joint estates only, *subject to all the limitations attaching to such estates as at common law.* 2 Minor's Inst. 410." (Emphasis added)

Furthermore, had the Legislature intended to abolish the four common law unities for a joint tenancy when it enacted W.Va.

and property rights in a joint tenancy with survivorship vest when the property is conveyed to the parties."

Code, 36–1–19 and 20, there would have been no need for its enactment in 1974 of W.Va.Code, 48–3–7a. This statute authorizes a direct conveyance between husband and wife of an interest in property with a right of survivorship.[9] At common law, such a direct conveyance could not create a joint tenancy because the four unities requirement was lacking. The grantor making the direct conveyance of an undivided interest did not hold his title from the deed to his grantee but under the original deed to the grantor. *E.g., Deslauriers v. Senesac,* 331 Ill. 437, 163 N.E. 327 (1928); *Wright v. Knopp,* 183 Mich. 656, 150 N.W. 315 (1915); *Stuehm v. Mikulski,* 139 Neb. 374, 297 N.W. 595 (1941); *Hass v. Hass,* 248 Wis. 212, 21 N.W.2d 398 (1946).[10]

The familiar rule of statutory construction that we presume the Legislature will not enact a meaningless or useless statute[11] reinforces our belief that W.Va.Code, 48–3–7a, was enacted because the Legislature believed that the four unities requirement precluded a direct conveyance. Thus, the statute was designed to create a legislative exception to the common law bar. This statute would not have been necessary if the Legislature had believed that W.Va. Code, 36–1–19 and 20, had abolished the four unities requirement.

For the foregoing reasons, we conclude that W.Va.Code, 36–1–19 and 20, do not abolish the common law requirement of the four unities in a joint tenancy.

Adhering to the view expressed by the majority of jurisdictions, it is clear that Mrs. Herring's conveyance to her son destroyed the joint tenancy with the right of survivorship in the property with her husband because her conveyance destroyed part of the four essential unities that were needed to support the joint tenancy. After the conveyance, the property was then held by her husband, Mr. Herring, and the appellee as tenants in common. Upon Herring's death, his undivided half interest in the property was passed to the appellants, devisees under Herring's will. They hold an undivided half interest with Mrs. Herring's son, the appellee, as tenants in common. The circuit court's order was correct and we affirm its judgment.

Affirmed.

---

9. W.Va.Code, 48–3–7a, provides:

"Subject to the provisions of section nine [§ 48–3–9] of this article, any conveyance or transfer of property, or any interest therein, with a right of survivorship executed by either husband or wife to or in favor of the other, shall be valid to the same extent as a similar transfer or conveyance from a third party to the husband and wife together or by a straw party deed." (Brackets in original)

10. Some courts have upheld such conveyances by altering the four unities requirement in this situation. Annot., 44 A.L.R.2d 595 (1955).

11. Syllabus Point 4 of *State ex rel. Hardesty v. Aracoma-Chief Logan No. 4523, Veterans of Foreign Wars of the United States, Inc.,* 147 W.Va. 645, 129 S.E.2d 921 (1963), states: "It is always presumed that the legislature will not enact a meaningless or useless statute."