# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**

**November 14, 2024**

released at 3:00 p.m.
ASHLEY N. DEEM, CHIEF DEPUTY, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**BETHANN CORNETT SPEARS,**
**Defendant Below, Petitioner**

**v.) No. 23-ICA-478** (Cir. Ct. of Raleigh Cnty. Case No. CC-41-2022-C-161)

**DREMA ANN SPEARS,**
**Plaintiff Below, Respondent**

## MEMORANDUM DECISION

Petitioner Bethann Cornett Spears, acting as the Executrix of the Estate of Paul Randall Spears ("the Estate"), appeals from the October 3, 2023, Order Granting Judgment to Plaintiff from the Circuit Court of Raleigh County. Respondent Drema Ann Spears filed a response.[1] The issues raised on appeal concern the circuit court's conclusion that the joint tenancy with right of survivorship between Respondent and Paul Randall ("Randy") Spears survived because affirmative conduct is required to sever a joint tenancy.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds that there is error in the circuit court's decision, and no substantial question of law. Therefore, this case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure. For the reasons stated below, the circuit court's order in this case is remanded with instructions for the circuit court to enter an order complying with this decision.

By deed dated August 3, 1988, the subject real property, consisting of .25 acres in Slab Fork District, Raleigh County (the "Real Property"), was conveyed to Drema Spears and Randy Spears jointly with rights of survivorship. Drema Spears and Randy Spears were divorced by order of the circuit court of Raleigh County entered October 1, 1996.[2] The divorce decree directed that the parties' "personal and real property ... shall be sold, at auction if necessary ... " By subsequent order entered on January 12, 1999, the court awarded Randy Spears the sole and exclusive title and ownership of the Real Property and directed the clerk of the county commission to index the order reflecting Randy Spears as

---

[1] Petitioner is represented by Joshua T. Thompson, Esq. Respondent is represented by John H. Shumate, Jr., Esq.

[2] The parties did not reach an agreement on how to divide the marital property. Rather, the marital property was divided by the court following trial.

1

sole owner of the Real Property. The order was recorded with the Raleigh County Commission Clerk on January 14, 1999. Also in 1999, the tax assessor removed Drema Spears from its records and Randy Spears was listed as sole taxpayer. The record reflects that thereafter, only Randy Spears paid property taxes on the Real Property, and that Drema Spears had no contribution to or interaction with the Real Property. Randy Spears died on May 11, 2021. His will conveyed the Real Property to the Estate's administrator, Bethann Spears, Randy Spears' wife at the time of his death.

Drema Spears filed her quiet title action on May 17, 2022, claiming that upon Randy Spears' death, the Real Property passed to her as a joint tenant with right of survivorship. A bench trial was held on August 21, 2023. The only issue at trial in the quiet title action was whether the Real Property passed to Drema Spears by operation of the joint tenancy established in the deed or whether the Real Property became a part of the decedent's estate and passed to Bethann Spears by operation of the decedent's will.

The relevant undisputed facts were established by stipulation or at trial. The facts relied upon by the circuit court were: 1. the Real Property was conveyed to Randy Spears and Drema Spears as joint tenants with rights of survivorship in 1988 while they were married; 2. Randy Spears and Drema Spears were divorced by decree entered October 1, 1996, following trial; 3. there was no property settlement agreement between the parties; 4. marital property was divided by order of the court following trial; 5. the divorce decree and subsequent orders granted sole possession, title and ownership to the Real Property to Randy Spears; 6. Drema Spears did not contribute to property taxes, maintenance or repair; 7. Drema Spears did not visit the Real Property or have anything to do with it for approximately twenty-five years; 8. Drema Spears ignored Randy Spears' only attempt, just months before his death, to change the deed to reflect his sole ownership; and 9. Neither party filed a partition action or quiet title action while Randy Spears was alive.

The circuit court found that the terms of the divorce decree, the circuit court's subsequent order, the parties' conduct, and the above-noted facts failed to sever the joint tenancy created by the deed. With the joint tenancy in place, the Real Property passed, in its entirety, by survivorship rights to Drema Spears. The Estate appealed the October 3, 2023, final order granting judgment in favor of Drema Spears.[3]

The standard of review applicable to this case is well-settled.

> In reviewing challenges to the findings and conclusions of the circuit court made after a bench trial, a two-pronged deferential standard of review is applied. The final order and ultimate disposition are reviewed under an abuse of discretion standard, and the circuit court's underlying factual findings are

---

[3] This Court held Rule 19 oral argument on October 8, 2024.

reviewed under a clearly erroneous standard. Questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Public Citizen, Inc. v. First National Bank in Fairmont*, 198 W. Va. 329, 480 S.E.2d 538 (1996).

Here, Petitioner appeals the circuit court's October 3, 2023, order granting Respondent ownership of the Real Property, on the basis that the property passed to Respondent by the joint tenancy's right of survivorship. Petitioner contends that the circuit court misapplied syllabus points seven and eight of *Young v. McIntyre*, 223 W. Va. 60, 672 S.E.2d 196 (2008), to infer that a positive affirmative action was required of the parties to sever a joint tenancy. Instead, Petitioner argues that neglect and inattentiveness from a party can be considered conduct inconsistent with a joint tenancy that evinces intent to sever the tenancy.

> In order to create a common law joint tenancy in real property the parties must receive an undivided interest under four conditions: 1) each party's undivided interest must vest at the same time; 2) each party must receive an undivided interest in the whole estate; 3) each party's possession must be coequal so that his property interest is the same as to the legal estate and duration; and 4) each party must receive his interest in the same title document. These four conditions for the creation of a common law joint tenancy are commonly abbreviated as the four unities of time, interest, possession and title. The main attribute of a common law joint tenancy was the right to survivorship.

Syl. Pt. 1, *Herring v. Carroll*, 171 W. Va. 516, 300 S.E.2d 629 (1983). The common law right of survivorship in a joint tenancy has been abrogated by statute, unless "it manifestly appears from the tenor of the instrument that it was intended that the part of the one dying should then belong to the others." *Id.* at Syl. Pt. 3. *See* W. Va. Code §§ 36-1-19–20 (2017). Any act of a joint tenant which severs one of the four unities "operates as a severance of the joint tenancy and extinguishes the right of survivorship." *Herring*, 171 W. Va. at 520, 300 S.E.2d at 633. However, a mere divorce does not, on its own, sever a joint tenancy.

> A divorce decree, alone, does not cause a severance of a joint tenancy. The right of survivorship of a joint tenant does not arise out of the marriage relationship. Absent either an express intent to sever or conduct inconsistent with the continuation of the joint tenancy, the right of survivorship will continue after a dissolution of the marriage of joint tenants.
>
> In circumstances of divorce, joint tenants can agree to hold as tenants in common and thus sever the joint tenancy. Such an agreement can be

express or implied from conduct of the parties inconsistent with holding in joint tenancy.

*Young*, at Syl. Pts. 7–8. Although we do not have an abundance of precedent regarding what conduct can be considered inconsistent with the joint tenancy such that it implies an agreement to sever, we can look to the analysis performed by the court in *Young*. The *Young* Court performed a holistic analysis of the circumstances, conduct, and agreements between the parties, and considered the statutory presumption against joint tenancy survivorship. *See id.* at 66–67, 672 S.E.2d at 202–203; W. Va. Code § 36-1-19 (1923). The aim of this multifactor analysis was to ascertain whether, taken holistically, the parties' acts, circumstances, and agreements evinced an intent that the joint tenancy survive. *See Young*, at 67, 672 S.E.2d at 203. In considering the decedent's intent, the *Young* Court indicated that it was also wary that an ex-spouse might collect a windfall by maintaining the existence of a joint tenancy when there was no intent of the parties to actually do so. *See Young*, at 66, 672 S.E.2d at 202 ("it is illogical to believe it was the intent of the decedent to maintain the joint tenancy of the property and allow an unintended benefit to his ex-wife.")

Applying this analytical framework to the case at hand, it is clear that the circuit court misapplied *Young*. In its order, the circuit court noted that Respondent did not contribute to the property taxes and maintenance, nor did she ever visit and inspect the Real Property for approximately twenty-five years. However, the circuit court concluded that Respondent's conduct, as a matter of law, could not sever the joint tenancy by ruling that a joint tenancy "is not severed passively or by inattention." The circuit court claimed that no action from any tenant was required for the joint tenancy to continue, and disregarded *Young*'s concern of an unintended windfall "because that asset was already hers by operation of the deed." This logic is incongruous with *Young*'s holistic analysis. In requiring positive or affirmative action to sever a joint tenancy, the circuit court plainly contradicts *Young*'s holding that the intent to sever a joint tenancy can be *implied* from conduct as well as express manifestations. *See Young*, at Syl. Pt. 8. If affirmative action is required to sever a joint tenancy, the implied conduct of the parties would be ineffective. In addition, the circuit court's disregard of the *Young* Court's concern over an unintended windfall improperly assumes an answer to the very question *Young*'s analysis is meant to answer. In reaching these conclusions, the circuit court misconstrued the holding of *Young*. We therefore remand with instruction that the circuit court perform a proper analysis, pursuant to *Young*, of how the conduct of the parties, both affirmative and passive, expressed their intent regarding the continuation of the joint tenancy.

Further, the circuit court's order concluded that the circuit court's January 12, 1999, order conveying ownership of the Real Property solely to Randy Spears has no effect on the joint tenancy's existence because "[i]t is not within a divorce court's power or

4

jurisdiction to sever a joint tenancy by decree."[4] "A family court is a court of limited jurisdiction," with power to hear and adjudicate only matters enumerated in West Virginia Code § 51-2A-2 (2018). In contrast, circuit courts are courts of general jurisdiction and are explicitly empowered to "determine questions of title with respect to the real property." W. Va. Code § 51-2-2 (2017). Although the circuit court is correct to note that altering the title of the Real Property is not within the limited jurisdiction of a family court, it fails to consider the fact that the 1999 order, although issued as a result of a divorce, was issued by a circuit court, namely, itself. This situation arose because the divorce between Respondent and Randy Spears, and the subsequent 1999 order, all occurred before the creation of the family court system in 2001. *See* W. Va. Code § 51-2A-1 (2001). Thus, there exists an order from a court of competent jurisdiction conferring sole ownership of the Real Property to Randy Spears, and the record does not reflect the existence of any appeal of that order by Respondent. Therefore, we remand with instructions for the circuit court to perform additional factual development and analysis regarding the effect of the circuit court's 1999 order upon this case, consistent with the jurisdictional principles in effect at the time of the 1999 order's issuance.

Accordingly, we remand the circuit court's October 3, 2023, order with instructions for the circuit court to enter an order consistent with this decision.

Remanded.

**ISSUED:** November 14, 2024

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear

---

[4] The parties similarly claimed in their arguments before this Court that the 1999 order has no effect here.