# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**

**June 6, 2025**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**TERRI HODGE, individually and
in her capacity as personal representative
of the Estate of William Hodge, Jr.,
Plaintiff Below, Petitioner**

**v.) No. 24-ICA-374**　　　(Cir. Ct. Kanawha Cnty. Case No. CC-20-2023-C-589)

**CALEB MATTHEW FOSTER,
Defendant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Terri Hodge, individually and in her capacity as personal representative of the Estate of William Hodge, Jr. (the "Estate"), appeals the September 12, 2024, order of the Circuit Court of Kanawha County which granted Respondent Caleb Matthew Foster's motion for summary judgment as to the Estate's claims that Mr. Foster unlawfully detained the subject property. The circuit court concluded that Mr. Foster, at the very least, owned a one-half undivided interest in the subject property and therefore the Estate failed to state a claim against him. Mr. Foster filed a response in support of the circuit court's order.[1] The Estate filed a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law, but we find there is error in the circuit court's order. Accordingly, a memorandum decision is appropriate under the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure. For the reasons below, the circuit court's order is reversed, and the matter is remanded.

The case arises from a family dispute over real property located in Belle, West Virginia. The undisputed material facts were stipulated as follows:

1. The central issue in the above-captioned action is the disputed title to certain real estate with a physical address of 126 Lincoln Avenue, Belle, Kanawha County, West Virginia, 25015.

---

[1] The Estate is represented by Thomas H. Peyton, Esq. Mr. Foster is represented by Johnson W. Gabhart, Esq.

1

2. The subject property is described in a deed dated April 2, 1962, and of record in the Office of the Clerk of the County Commission of Kanawha County, West Virginia in Deed Book 1357, at page 363, granting said real estate to William Ernest Hodge and Lina Mae Hodge as joint tenants with rights of survivorship.

3. William Ernest Hodge and Lina Mae Hodge, husband and wife, occupied the subject property as their primary residence until [William Ernest] Hodge's death. [William Ernest] Hodge died on July 27, 2014, leaving [Lina Mae] Hodge as sole owner of the subject real estate.

4. [Lina Mae] Hodge occupied the subject real estate as her primary residence until her death on May 2, 2023, at eighty-eight years of age.

5. Original Plaintiff, William E. Hodge, Jr. was the son of Lina Mae Hodge. [William E. Hodge, Jr.] died on January 15, 2024. By Order entered March 22, 2024, Terri Hodge, individually and as the personal representative of the Estate of William Hodge, Jr., has been substituted in his stead as Plaintiff.

6. Caleb Foster is Lina Mae Hodge's grandson. Mr. Foster lived with [Lina Mae] Hodge for approximately five years until her death and continues to occupy the subject real estate after her death.

7. On January 29, 2018, [Lina Mae] Hodge executed a deed that conveyed the subject property to herself and William E. Hodge, Jr. as joint tenants with rights of survivorship. After [Lina Mae] Hodge executed the deed, it was delivered and in the possession of [William E. Hodge, Jr.] in his locked gun safe at his home where he resided with his wife, Terri Hodge, and a minor granddaughter. Only [William E. Hodge, Jr.] had access to the safe while he was living. [William E. Hodge, Jr.] presented this deed for recording on January 29, 2021, when it was recorded in the Office of the Clerk of the County Commission of Kanawha County in Deed Book 3087, at page 810.

8. On July 13, 2020, [Lina Mae] Hodge executed a "Transfer on Death Deed" whereby she attempted to make Mr. Foster the death beneficiary of the subject real estate. The Transfer on Death Deed was recorded in said Clerk's Office on July 20, 2020, in Deed Book 3070, at page 92.

9. Also on July 13, 2020, [Lina Mae] Hodge executed her Last Will and Testament leaving all of her residual estate to Caleb Foster and appointing Mr. Foster as her executor. [Lina Mae] Hodge's Will was presented for probate after her death. Probate has been completed and the estate is now closed.

2

On July 13, 2023, the Estate filed its complaint against Mr. Foster in relation to the subject property which sought an order declaring the Estate as the rightful owner of the subject property, ejecting Mr. Foster from the subject property, and for the circuit court to enter a judgment against Mr. Foster for the fair rental value during the time he wrongfully occupied the property. Thereafter, both parties moved for summary judgment. The Estate moved for partial summary judgment as to ownership of the subject property, essentially arguing that the Estate owned the full interest in the subject property by virtue of the survivorship clause in the deed between William E. Hodge, Jr. and his mother.[2] Mr. Foster argued that he is at least a co-tenant in the subject property by virtue of the transfer on death deed and/or his grandmother's will.

On September 12, 2024, the circuit court entered the order on appeal. In that order, the circuit court concluded that the Lina Mae Hodge's execution of the transfer on death deed in favor of Mr. Foster as well as the execution of her will naming Mr. Foster as the beneficiary evidenced an intent that Mr. Foster should benefit from her interest in the subject property upon her death. The circuit court reasoned that this expression of intent was sufficient to terminate any right of survivorship previously conveyed unto William E. Hodge, Jr. and therefore Mr. Foster was at least a one-half co-tenant in the subject property. The circuit court granted summary judgment in favor of Mr. Foster and dismissed the Estate's complaint.

Our review of a circuit court's entry of summary judgment is de novo. Syl. Pt. 1, *Painter v. Peavy*, 192 W. Va. 189, 451 S.E.2d 755 (1994). In conducting a de novo review, this Court applies the same standard for granting summary judgment that a circuit court must apply: "[a] motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law." *United Bank, Inc. v. Blosser*, 218 W. Va. 378, 383, 624 S.E.2d 815, 820 (2005) (quoting *Painter*, 192 W. Va. at 190, 451 S.E.2d at 756, syl. pt. 2).

On appeal, the Estate asserts that the circuit court erred by granting summary judgment in favor of Mr. Foster because the Estate is the rightful owner of the subject property. We agree. As an initial matter, it is undisputed that William E. Hodge, Jr. and his mother were joint tenants with right of survivorship in regard to the subject property by virtue of the January 29, 2018, deed, despite the fact that William E. Hodge, Jr. did not immediately record the deed. *See Jones v. Wolfe*, 203 W. Va. 613, 615, 509 S.E.2d 894, 896 (1998) (per curiam) ("The law in this State is rather clear that a deed takes effect from its actual or constructive delivery . . . Recording of the deed is not critical").

---

[2] According to its motion for partial summary judgment, the Estate did not move for summary judgment on its claim for monetary damages against Mr. Foster on the basis that he failed to pay market value rent while he occupied the subject property.

The question then becomes whether the survivorship was destroyed such that Lina Mae Hodge's interest in the subject property would pass to Mr. Foster via the transfer on death deed or her will. As this Court held in *Spears v. Spears*, "[a]ny act of a joint tenant which severs one of the four unities 'operates as a severance of the joint tenancy and extinguishes the right of survivorship.'" No. 23-ICA-478, 2024 WL 4786256, at *2 (W. Va. Ct. App. Nov. 14, 2024) (memorandum decision) (quoting *Herring v. Carroll,* 171 W. Va. 516, 520, 300 S.E.2d 629, 633 (1983)).[3]

In regard to the transfer on death deed, pursuant to West Virginia § 36-12-13(c) (2023), if a transferor of a transfer of death deed is a joint owner with other joint owners with right of survivorship and is: "(1) Survived by one or more other joint owners, the property that is the subject of a transfer on death deed belongs to the surviving joint owner or owners with right of survivorship; or (2) The last surviving joint owner, the transfer on death deed is effective." Therefore, based on the foregoing, since Lina Mae Hodge, as transferor, was a joint owner with a right of survivorship with her son, William E. Hodge, Jr., who survived her, the property that is subject to the transfer on death deed, the subject property, belongs to the surviving joint owner with the right of survivorship, William E. Hodge, Jr. (and subsequently the Estate upon his death). Further, pursuant to § 36-12-13(c)(2), a transfer on death deed in this circumstance would only be effective at granting Mr. Foster an interest in the subject property upon the death of his grandmother, Lina Mae Hodge, if she was the last surviving joint owner of the subject property. To conclude, as the circuit court did, that execution of a transfer on death deed would operate to terminate a specifically created survivorship would render § 36-12-13(c) meaningless.

Further, in regard to the will, there is nothing in the record indicating it severs one of the four unities and therefore the will does not operate as a severance of the joint tenancy to extinguish the right of survivorship. *Spears,* No. 23-ICA-478, 2024 WL 4786256, at *2. Nothing in the record indicates that the will specifically bequeaths the subject property to Mr. Foster or in any way expresses an intent to destroy the survivorship in the subject

---

[3] In order to create a common law joint tenancy in real property the parties must receive an undivided interest under four conditions: (1) each party's undivided interest must vest at the same time; (2) each party must receive an undivided interest in the whole estate; (3) each party's possession must be coequal so that his property interest is the same as to the legal estate and duration; and, (4) each party must receive his interest in the same title document. These four conditions for the creation of a common law joint tenancy are commonly abbreviated as the four unities of time, interest, possession and title. The main attribute of a common law joint tenancy was the right of survivorship.

Syl. Pt. 1, *Herring v. Carroll*, 171 W. Va. 516, 300 S.E.2d 629 (1983).

property. In fact, due to the survivorship clause of the January 29, 2018, deed or the transfer on death deed, the subject property would not be a probate asset of Mrs. Hodge's estate. *See* W. Va. Code § 36-12-7 (2014) ("A transfer on death deed is nontestimentary."); *State ex rel. Miller v. Sencindiver*, 166 W. Va. 355, 275 S.E.2d 10 (1980) (overruled on other grounds) (The rights of parties in property held in joint tenancy with right of survivorship were established by their deed and did not involve descent or inheritance.). Rather than evidencing an intent to destroy the survivorship as found by the circuit court, the transfer on death deed and the will are consistent with the survivorship clause of the January 29, 2018, deed. It appears that Lina Mae Hodge intended for the subject property to pass to her son via the survivorship clause in the January 29, 2018, deed, if she pre-deceased him; but if her son pre-deceased her, for the subject property to pass to Mr. Foster via the transfer on death deed upon her death; and for Mr. Foster to receive the residue of her estate, which would not include the subject property, via the will.

Therefore, based on the foregoing, the September 12, 2024, order of the Circuit Court of Kanawha County is reversed, and this matter is remanded for entry of an order granting partial summary judgment in favor of the Estate in regard to ownership of the subject property and for further proceedings consistent with this decision.

Reversed and Remanded.

**ISSUED:** June 6, 2025

**CONCURRED IN BY:**
Chief Judge Charles O. Lorensen
Judge Daniel W. Greear
Judge S. Ryan White