518 S.E.2d 372

**Robert ROLLYSON, Petitioner
Below, Appellee,**

v.

**John David JORDAN, Clerk of the
Braxton County Commission,
Respondent Below, Appellee,**

**Jack L. Sears, Julia Ann Chapman, and
Charlotte Jo Sears, Respondents
Below, Appellants.**

**No. 25538.**

Supreme Court of Appeals of
West Virginia.

Submitted May 11, 1999.

Decided July 9, 1999.

---

William D. Stover, Beckley, West Virginia, Attorney for the Appellants.

William C. Martin, Cooper & Martin, Sutton, West Virginia, Attorney for the Appellee, Robert Rollyson.

Paula M. Cunningham, Prosecuting Attorney for Braxton County, Sutton, West Virginia, Attorney for the Appellee, John David Jordan.

DAVIS, Justice:

The Appellants herein, and respondents below, Jack L. Sears, Julia Ann Chapman, and Charlotte Jo Sears [hereinafter collectively referred to as "the Sears Heirs"], appeal the December 3, 1997, order of the Circuit Court of Braxton County which granted the appellee herein, and petitioner below, Robert Rollyson [hereinafter "Rollyson"], mandamus relief, and the February 9, 1998, order of the Braxton County Circuit Court which denied the Sears Heirs' motion to alter or amend the court's earlier order. The court's December 3, 1997, order directed the appellee herein, and respondent below, John David Jordan, Clerk of the Braxton County Commission [hereinafter "Clerk Jordan"], to execute and deliver a deed to Rollyson for certain real estate he had purchased at a tax sale thereof.

The Sears Heirs, lienholders in the subject real estate by virtue of their one-half interest in a deed of trust note secured by the property, complain that they did not receive notice of their right to redeem and that Clerk Jordan rejected their attempted redemption, which temporally preceded the circuit court's order directing Clerk Jordan to prepare Rollyson's tax deed. On appeal to this Court, the Sears Heirs assign three errors: (1) the circuit court erred by awarding Rollyson mandamus relief under the facts and circumstances of this case; (2) the circuit court improperly upheld the tax sale by failing to enforce the Heirs' right to redeem such property and by ordering the preparation and issuance of a tax deed to Rollyson where the property's lienholders had no notice of their right to redeem; and (3) the circuit court exceeded its legitimate powers in this matter by requiring the Heirs to release their interest in the deed of trust note upon the payment in full thereof by Rollyson. As a matter of cross-appeal, Rollyson complains that the circuit court erred by denying his request for costs associated with his mandamus action.

Having reviewed the parties' arguments on appeal, the record designated for appellate review, and the pertinent authorities, we affirm, in part, and reverse, in part, the decision of the Circuit Court of Braxton County.

To the extent that the circuit court's order denied costs associated with Rollyson's petition for mandamus relief to obtain the issuance of a tax deed, we affirm the circuit court's decision. However, we reverse, in part, the circuit court's decision because we find that the Sears Heirs were entitled to receive notice to redeem, pursuant to W. Va. Code § 11A–3–19(a)(1) (1994) (Repl.Vol.1995) and W. Va.Code § 11A–3–23(a) (1995) (Repl. Vol.1995), and, until the period for such redemption had expired, the circuit court could not require them to accept payment in full for or to issue a release of the deed of trust note. In keeping with our decision that the Heirs were entitled to an opportunity to redeem the property securing their deed of trust note, we reverse that portion of the circuit court's order denying costs to Rollyson insofar as such costs arose from his mandamus petition seeking to compel Clerk Jordan to issue redemption notices to the Heirs. We further remand this case to the circuit court for further proceedings consistent with this opinion, which include affording the Sears Heirs an opportunity to redeem the subject property and awarding Rollyson the costs attributable to his action to compel the issuance of notices to redeem to the Heirs.

## I.

### FACTUAL AND PROCEDURAL HISTORY

The facts underlying this appeal are largely undisputed by the parties. On November 16, 1995, Rollyson purchased a tract of land consisting of 65.25 acres during a tax sale held by the Braxton County Sheriff.[1] The property had been offered for sale as a result of the nonpayment of its real property taxes by the property's prior owner, Nix Mining Company [hereinafter "Nix"].[2] Following his purchase, Rollyson filed a notice list with Clerk Jordan, as required by W. Va. Code § 11A–3–19(a)(1) (1994) (Repl.Vol.1995). This list set forth those persons who were entitled to receive notice of their right to redeem the subject property before the issuance of a tax deed declaring Rollyson to be the new owner thereof. Upon his information and belief at the time he applied for the tax deed, Rollyson reported to Clerk Jordan that the only person entitled to such notice was Nix Mining Company. After the Clerk's notice to Nix was returned as not forwardable, the Clerk asked Rollyson to notify Nix of its right to redeem by publication. Accordingly, Rollyson caused to be published a Notice to Redeem in the *Braxton County Citizens' News* and the *Braxton Democrat–Central, Inc.*, newspapers for three consecutive weeks in January, 1997; the deadline for redemption of the property was designated as March 31, 1997.[3]

Nix failed to redeem the property or otherwise respond to the Notice to Redeem. On March 31, 1997, counsel for Rollyson discovered additional parties also possessed an interest in the subject property. Carl and Irene Sears held a deed of trust note,[4] dated September 26, 1985, which was secured by the 65.25 acre tract.[5] As a result of various dispositions, the holders of this deed of trust note at the time of Rollyson's discovery were Irene Sears, who held a one-half interest

1. The price Rollyson paid for the property was his bid price of $6,550.

2. At the time of the tax sale, the property's 1994 taxes were delinquent and owing. Rollyson paid this tax lien and additionally paid the property's 1995 real property taxes, which also were delinquent at the time of the tax sale.

3. W. Va.Code § 11A–3–27 (1995) (Repl.Vol.1995) prohibits the issuance of a tax deed "prior to the first day of April of the second year following the sheriff's sale."

4. The deed of trust instrument, which referenced the accompanying note, had been recorded and was located in the appropriate record book.

5. On September 25, 1986, Carl and Irene Sears, husband and wife [hereinafter "Mr. and Mrs. Sears"], conveyed the property to Elk River Development Company [hereinafter "Elk River"]. As part of this conveyance, Elk River executed a deed of trust, whereby the property secured Elk River's $20,000 debt to Mr. and Mrs. Sears arising from this transaction. Elk River thereafter conveyed the property to W & G Construction Company, who subsequently conveyed the property to HT Mining, Incorporated [hereinafter "HT"]. HT ultimately conveyed the property to Nix Mining Company, who owned the subject property immediately before its sale for the recoupment of its delinquent taxes.

therein, and Jack L. Sears, Julia Ann Chapman, and Charlotte Jo Sears, who claimed that they collectively held the remaining one-half interest in the subject property.[6] Counsel for Rollyson promptly notified Clerk Jordan of the existence of these lienholders, and requested guidance as to how next to proceed given the prior lack of notice to them of their right to redeem the property.

Clerk Jordan, apparently having obtained direction from the Braxton County Prosecuting Attorney, advised Rollyson to institute a mandamus action to obtain the preparation, execution, and filing of his tax deed. Although Rollyson proposed providing these lienholders with notice of their right to redeem, Clerk Jordan refused to issue any additional notices. Therefore, on March 31, 1997, Rollyson contacted Irene Smith (fka Irene Sears) and notified her of his purchase of the 65.25 acre tract at the earlier tax sale. On June 23, 1997, Irene Sears Smith assigned her one-half interest in the deed of trust note to Rollyson in consideration of his payment of the amount due and owing on that portion of the debt, *i.e.*, $3,795.05.

By contrast, Jack Sears, acting as the representative for the Sears Heirs, stated that he did not learn of Rollyson's tax sale purchase of the property until April, 1997, during a telephone call from Rollyson's wife. Despite Rollyson's offers, the Sears Heirs refused to relinquish their one-half interest in the deed of trust note. In late April or early May, 1997, the Sears Heirs attempted to redeem the property for the amount of the delinquent property taxes, but Clerk Jordan refused to accept their proffered redemption. A second attempt at redemption by the heirs was similarly rejected by the clerk on June 12, 1997.

On August 11, 1997, Rollyson instituted a mandamus action in the Circuit Court of Braxton County requesting the court to compel Clerk Jordan to execute a tax deed naming him as the new owner of the property. The Sears Heirs opposed this action, and

hearings were held on the matter. By order entered December 3, 1997, the circuit court found, in part, that Rollyson had substantially complied with the notice provisions of W. Va.Code § 11A-3-19(a)(1); that the Sears Heirs, by virtue of their status as lienholders, were not entitled to the ownership of the property; and that Rollyson should be permitted to pay the balance due and·owing on the deed of trust note held by the Sears Heirs. Thus, the circuit court ordered that

> (1) Petitioner [Rollyson] shall pay the remaining balance due on the deed of trust note held by the Respondent [Sears Heirs] lienholders, if no dispute arises between the parties as to the amount due on said deed of trust note, Petitioner shall pay each Respondent their proportionate share and each shall execute a release of the deed of trust; in the event a dispute arises among the parties as to the amount due, or as to the Respondent's willingness to accept the same, then the Petitioner shall deposit with the Clerk of the Circuit Court such sum as may be calculated by him as due and owing on the deed of trust note.

> (2) A writ of mandamus shall be issued against Respondent, John David Jordan, as Clerk of the County Commission, and the said Clerk shall, once Petitioner has complied with paragraph (1) herein, execute and deliver unto Petitioner a free and clear deed conveying the property in question to Petitioner.

> (3) Petitioner shall pay unto the County Clerk such sums as may be required to record said deed.

> It is the **judgment** of the Court that the relief prayed for in the Petition for Writ of Mandamas [sic] shall be awarded to the Petitioner; that the Petitioner is denied his costs herein; and that Respondents [sic] relief for dismissal of this action and redemption of the property, is also denied. . . .

---

6. Carl and Irene Sears were the original joint holders of the deed of trust note. Carl Sears died testate on December 20, 1986; his one-half interest in the note purportedly passed through his will to his children, Carl Joseph Sears, Julia Ann Chapman, and Jack Lee Sears. The interest of Carl Joseph Sears, who had predeceased his father, allegedly passed to his widow, Charlotte Jo Sears.

The Sears Heirs subsequently moved to alter or amend the order[7] granting Rollyson's request for mandamus relief. The circuit court, by order entered February 9, 1998, denied the Heirs their requested relief:

> It being the opinion of the Court that the public policy of this State is to encourage the prompt payment of property taxes and that it is further the public policy of this State to encourage bidders to purchase tax liens when the same are offered for sale when property taxes are not timely paid and that in this case the Respondents are suffering no prejudice by the Court's prior Order and for the reasons set forth in that prior Order, the Court is of the opinion that its rulings were correct and that the Respondents' Motion should be denied, and it is accordingly so *ORDERED*.

It is from these orders of the Circuit Court of Braxton County, granting Rollyson relief by way of mandamus and upholding this order, that the Sears Heirs appeal to this Court.

## II.

## STANDARD OF REVIEW

■ The instant proceeding is before this Court by way of appeal from the circuit court's orders granting Rollyson mandamus relief and upholding this judgment. Typically,

> " '[t]he standard of appellate review of a circuit court's order granting relief through the extraordinary writ of mandamus is de novo.' Syllabus Point 1, *Staten v. Dean*, 195 W.Va. 57, 464 S.E.2d 576 (1995)." Syllabus point 1, *O'Daniels v. City of Charleston*, 200 W.Va. 711, 490 S.E.2d 800 (1997).

Syl. pt. 1, *Ewing v. Board of Educ. of Summers County*, 202 W.Va. 228, 503 S.E.2d 541 (1998). Similarly, we will review *de novo* the lower court's decision denying the Sears Heirs' motion to alter or amend its judgment awarding Rollyson a writ of mandamus. *See* Syl. pt. 1, *Wickland v. American Travellers*

*Life Ins. Co.*, 204 W.Va. 430, 513 S.E.2d 657 (1998) ("The standard of review applicable to an appeal from a motion to alter or amend a judgment, made pursuant to W. Va. R. Civ. P. 59(e), is the same standard that would apply to the underlying judgment upon which the motion is based and from which the appeal to this Court is filed.").

■ In assessing the correctness of the decisions forming the basis of this appeal, we must further consider whether the circuit court correctly interpreted and applied the governing statutory law. "Where the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review." Syl. pt. 1, *Chrystal R.M. v. Charlie A.L.*, 194 W.Va. 138, 459 S.E.2d 415 (1995). With these standards in mind, we proceed to evaluate the errors assigned by the parties.

## III.

## DISCUSSION

On appeal to this Court, the Sears Heirs contest the propriety of the circuit court's decision to award mandamus relief to Rollyson. Specifically, the Heirs complain that the circuit court erroneously failed to enforce their right to redeem the property and improperly exceeded its authority by ordering them to release their one-half interest in the deed of trust note upon Rollyson's complete satisfaction of this debt. Rollyson and Clerk Jordan reject the contentions asserted by the Sears Heirs and contend that the circuit court properly awarded Rollyson mandamus relief. Additionally, Rollyson cross-appeals that portion of the circuit court's mandamus order wherein it denied his request for costs associated with his mandamus proceeding.

### A. *Propriety of Writ of Mandamus*

■ To ascertain the correctness of the circuit court's orders, it is first necessary to determine whether the applicable statutes permitted the Sears Heirs an opportunity to redeem the property securing their deed of trust note. W. Va.Code § 11A-3-19 (1994)

---

7. Rule 59(e) of the West Virginia Rules of Civil Procedure permits a party to move for an alteration or amendment of a court's judgment. *See*

W. Va. R. Civ. P. 59(e) ("Any motion to alter or amend the judgment shall be filed not later than 10 days after entry of the judgment.").

(Repl.Vol.1995) requires one who has purchased property at a tax sale to complete certain prerequisites before he/she may obtain a deed to such property. One of these requirements, which is at the heart of this appeal, directs

> the purchaser, his heirs or assigns, in order to secure a deed for the real estate subject to the tax lien or liens purchased, shall: (1) Prepare a list of those to be served with notice to redeem and request the clerk to prepare and serve the notice as provided in sections twenty-one and twenty-two [§§ 11A–3–21 and 11A–3–22] of this article . . . . [8]

W. Va.Code § 11A–3–19(a) (footnote added). The difficulty arises, however, in discerning precisely who is entitled to this "notice to redeem". *See id.* A survey of both this statutory provision and the other sections comprising this body of law, concerning the "Sale of Tax Liens and Nonentered, Escheated and Waste and Unappropriated Lands," W. Va.Code § 11A–3–1, *et seq.*, fails to reveal a precise designation of the intended recipients of such notice.

■ When ascertaining the meaning of a legislative enactment, we previously have recognized that a review of coordinate statutory language can be instructive to our inquiry. " 'Statutes which relate to the same subject matter should be read and applied together so that the Legislature's intention can be gathered from the whole of the enactments.' Syllabus Point 3, *Smith v. State Workmen's Compensation Comm'r,* 159 W.Va. 108, 219 S.E.2d 361 (1975)." Syl. pt. 3, *Boley v. Miller,* 187 W.Va. 242, 418 S.E.2d 352 (1992). *See also* Syl. pt. 2, *Beckley v. Kirk,* 193 W.Va. 258, 455 S.E.2d 817 (1995) (" ' "Statutes in pari materia, [sic] must be construed together and the legislative intention, as gathered from the whole of the enactments, must be given effect." Point 3., Syllabus, *State ex rel. Graney v. Sims,* 144 W.Va. 72[, 105 S.E.2d 886 (1958) ]. Syl. pt. 1, *State ex rel. Slatton v. Boles,* 147 W.Va. 674,

130 S.E.2d 192 (1963).' Syl. pt. 1, *Transamerica Com. Fin. v. Blueville Bank,* 190 W.Va. 474, 438 S.E.2d 817 (1993) ."). Looking to another statutory provision contained in this body of law regarding delinquent property taxes, we are able to discern those persons who are entitled to redeem property that has been sold to recover such monies. W. Va.Code § 11A–3–23(a) (1995) (Repl.Vol. 1995) provides:

> [a]fter the sale of any tax lien on any real estate pursuant to section five [§ 11A–3–5] of this article, the owner of, *or any other person who was entitled to pay the taxes on,* any real restate for which a tax lien thereon was purchased by an individual may redeem at any time before a tax deed is issued therefor.[9]

(Emphasis and footnote added).

■ Impliedly, then, those persons who have a right to redeem property which has been sold at a tax sale must be the same individuals who are entitled to receive notice to redeem in connection with the purchaser's application for a tax deed, as contemplated by W. Va.Code § 11A–3–19(a)(1). *See* Syl. pt. 4, *Smith v. State Workmen's Compensation Comm'r,* 159 W.Va. 108, 219 S.E.2d 361 (" 'That which is necessarily implied in a statute, or must be included in it in order to make the terms actually used have effect, according to their nature and ordinary meaning, is as much a part of it as if it had been declared in express terms.' *Syllabus* point 14., *State v. Harden,* 62 W.Va. 313, 58 S.E. 715 (1907)."). Were this not the case, an individual's right to redeem, without the statutory notice designed to safeguard such right, would be virtually meaningless and illusory. Accordingly, we hold that the persons entitled to notice to redeem in conjunction with a purchaser's application for a tax deed, pursuant to W. Va.Code § 11A–3–19(a)(1) (1994) (Repl.Vol.1995), are those persons who are permitted to redeem the real

---

8. *Subsequent amendments to this statutory provision, which were adopted after the occurrence of the events forming the basis of this appeal, made merely stylistic changes and do not affect our decision of this case. See* W. Va.Code § 11A–3–19(a) (1998) (Supp.1999).

9. W. Va.Code § 11A–3–23(a) (1995) (Repl.Vol. 1995) was recently modified; however, these minor alterations do not affect the meaning of the statutory language herein relied upon. *See* W. Va.Code § 11A–3–23(a) (1998) (Supp.1999).

property subject to a tax lien or liens, as contemplated by W. Va.Code § 11A–3–23(a) (1995) (Repl.Vol.1995), which persons include "the owner" of such property and "any other person who was entitled to pay the taxes" thereon.

Considering these principles, we turn to the facts of the case *sub judice* to determine whether the Sears Heirs are part of the enumerated group entitled to notice to redeem before Rollyson's tax deed could issue. The Heirs claim that, upon their father's death, they inherited, through the terms of his will, his one-half interest in the deed of trust note secured by the 65.25 acre tract of land. Because they ultimately became the holders of a one-half interest in this note, they claim, under the language of the deed of trust instrument, that they were entitled to redeem the property, *see* W. Va.Code § 11A–3–23(a), and thus, that they were entitled to notice of their redemption rights, *see* W. Va.Code § 11A–3–19(a)(1). The pertinent portion of the deed of trust instrument, upon which the Heirs base their right to redeem, states, in paragraph three:

> That the said parties of the first part [Elk River Development Company] [10] (a) will promptly pay all taxes, charges and assessments lawfully assessed or levied against the above described real estate and upon their failure to do so, then the said Trustees, or *the holder of the note [Carl Sears and Irene Sears] hereby secured, may at their option, pay the same or any part thereof remaining unpaid....*

(Footnote and emphasis added). According to this instrument, then, Mr. and Mrs. Sears, as the original holders of the note secured by the deed of trust on the 65.25 acre tract, were authorized to pay any delinquent taxes which had accrued on this property and, thus, would have been entitled to notice to redeem pursuant to W. Va.Code § 11A–3–19(a)(1). Likewise, the Sears Heirs are vested with the authority to satisfy tax liens on such property by virtue of their status as successors-in-interest to the original holders of the note, which status they achieved upon

their inheritance of their father's one-half interest in the deed of trust note upon his death. *Beckwith v. Seborn*, 31 W.Va. 1, 5 S.E. 453 (1888) (holding that mortgagee, or his/her executor/executrix, who is not in possession of property subject to deed of trust and who is under no obligation to pay taxes thereon, may, at his/her election, pay delinquent taxes and obtain good title to said property).

■ In the same manner, Rollyson has effectively become bound by the terms of the deed of trust note as the sale of property subject to a tax lien does not, automatically, relieve the property of its other debt(s) since the purchaser can acquire only the same character of title as that held by those individuals who were entitled to redeem the property. *Bennett v. Neff*, 130 W.Va. 121, 144, 42 S.E.2d 793, 805 (1947) ("[W]hen the purchaser of any real estate sold at a tax sale obtains a deed for such real estate from the clerk of the county court he acquires all the right, title and interest therein that were, at the time of the execution and delivery of the deed, vested in or held by any person who was entitled to redeem." (citations omitted)); 18 Michie's Jurisprudence *Taxation* § 131, at 373 (Repl.Vol.1996) (same). *See also* 13A Michie's Jurisprudence *Mortgages and Deeds of Trust* § 54, at 334 (Repl.Vol.1991) ("The mortgagor's assignee has no greater rights than the mortgagor himself.") and § 64, at 343 ("The mortgagor's interest is essentially an equity of redemption. This interest is an asset in every sense of the term, transferable by conveyance, will or intestate succession." (footnote omitted)).

■ Thus, when property subject to a deed of trust is sold for the recoupment of delinquent taxes, the property continues to retain its posture as security for the deed of trust note. 13A Michie's Jurisprudence *Mortgages* § 65, at 345 ("A conveyance of property subject to a mortgage, as a general rule, imposes no personal liability on the grantee, but the land conveyed is as effectually charged with the encumbrance of the mortgage debt as if the purchaser had him-

---

**10.** Elk River Development Company was the first grantee of the 65.25 acre tract of land from Mr. and Mrs. Sears. *See supra* note 5.

self made a mortgage of the land to secure it. In other words, a purchaser of land subject to a mortgage takes nothing more than an equity of redemption therein." (footnote omitted)). Therefore, when Rollyson purchased the subject property at the sheriff's sale, he purchased indirectly from the property's prior owner, Nix, and thus stepped into Nix's shoes for the purpose of removing the property's tax encumbrance. *See id.,* § 177, at 451 ("In an ordinary deed of trust or mortgage, the grantor's equity of redemption is descendible by inheritance, devisable by will and *alienable by deed.*" (emphasis added) (footnote omitted)). However, the 65.25 acre tract continues to be encumbered by the deed of trust and to provide security for the deed of trust note in which the Sears Heirs claim a one-half interest.

■ Moreover, as a general rule, this Court enforces private agreements between parties, to the extent that such agreements do not conflict with the applicable law.

> Where parties contract lawfully and their contract is free from ambiguity or doubt, their agreement furnishes the law which governs them. It is the duty of the court to construe contracts as they are made by the parties thereto and to give full force and effect to the language used, when it is clear, plain, simple and unambiguous.

4B Michie's Jurisprudence *Contracts* § 40, at 56 (Repl.Vol.1986) (footnotes omitted). Nevertheless,

> [i]t is a basic rule of construction that all general legal principles affecting contracts by implication enter into and form a part of every contract as fully as if they were specifically expressed therein. *A pertinent statute is as much a part of a contract as if it were incorporated in it.*

*Id.,* § 52, at 92 (footnotes omitted) (emphasis added).

■ Finding no irregularities in this deed of trust arrangement, we are constrained to enforce it as between the parties thereto, their successors, and/or their assigns. As the Sears Heirs were authorized to pay the delinquent taxes on the property securing the deed of trust and accompanying note, they were entitled to notice to redeem in conjunction with Rollyson's application for a tax deed, pursuant to W. Va.Code §§ 11A–3–19(a)(1) and 11A–3–23(a). Because such notice did not issue to the Heirs, the circuit court erred by awarding Rollyson a writ of mandamus and ordering Clerk Jordan to issue him a tax deed before the Heirs had had an opportunity to redeem the subject property. Therefore, we remand this case to the circuit court to permit the Sears Heirs an opportunity to redeem the property securing their deed of trust note in accordance with the time limitations for such redemption provided by W. Va.Code § 11A–3–27 (1995) (Repl.Vol.1995).[11] *See* W. Va.Code § 11A–3–

---

11. At this juncture, we must address the argument of Clerk Jordan suggesting that the Sears Heirs have waived their right to receive notice to redeem. In this regard, Clerk Jordan suggests that, because the Heirs failed to file with the sheriff a notice of their lienholder interest in the property, as required by W. Va.Code § 11A–3–3 (1995) (Repl.Vol.1995), they have waived their right to such notice and cannot complain of the lack of notice in the instant proceeding. We agree that the appellate record contains no evidence that the Sears Heirs have complied with these filing requirements to ensure their receipt of notice, however we do not find that this flaw is fatal to their appeal. The statutory provision relied upon by Clerk Jordan, W. Va.Code § 11A–3–3, pertains to very limited notices designed to inform lienholders of impending *sales* of property for which the taxes have become delinquent. *See* W. Va.Code § 11A–3–3(a) ("Any person claiming a lien against real property shall be deemed to have waived the right to notice pro-

vided by section two [§ 11A–3–2] of this article unless he shall have filed a statement declaring such interest with the sheriff...."). *See also* W. Va.Code § 11A–3–2 (1995) (Repl.Vol.1995) (describing *contents* of "*notice of sale*" of "delinquent lands"). In the absence of filing a statement of their property interest as required by § 11A–3–3, the Sears Heirs could not complain of lack of notice regarding the tax sale, and indeed, they do not assign as error this precise notice issue. Rather, the Heirs complain that they did not receive notice of their *right to redeem* the tax-encumbered property in conjunction with Rollyson's application for a deed therefor as mandated by W. Va.Code § 11A–3–19(a)(1). There being no provisions requiring lienholders to file a statement of their property interest as a prerequisite to receiving notice of their redemption rights, we find that they have not waived their rights to statutory notice in this regard. *See* W. Va.Code § 11A–3–1, *et seq.*

27 (providing that if property sold at tax sale is "not redeemed within the time specified" in the notice to redeem, "but in no event prior to the first day of April of the second year following the sheriff's sale," the purchaser may apply for a tax deed). *Cf.* Syl. pt. 2, in part, *Summers v. Kanawha County,* 26 W.Va. 159 (1885) ("If at the time of [a tax-]sale the land sold be under a mortgage or deed of trust, or if there be any other lien or incumbrance thereon, and such mortgagee, trustee, *cestui que trust,* lienor or incumbrancer shall fail to redeem the same within the time prescribed by law, then all the right, title and interest of such mortgagee, trustee, *cestui que trust,* lienor or incumbrancer, shall pass to and be vested in the purchaser at such tax-sale, and his title to the premises shall in no way be affected or impaired by such mortgage, deed of trust, lien or incumbrance."); 18 Michie's Jurisprudence *Taxation* § 131, at 373 (same).

During our consideration of this matter, we have examined the sparse record designated for appellate review and have discovered another issue to be studied by the circuit court during the remand proceedings. It has come to our attention that, pursuant to the terms of the deed of trust note, the Sears Heirs may or may not have inherited the one-half interest in this note as they claim. In this regard, the pertinent language suggests that, upon Mr. Sears' death, his one-half interest in the deed of trust note may have passed not through his will to his children but through the note's survivorship provisions to his wife, Mrs. Sears. As set forth in the deed of trust instrument, the note is represented as being "an amortized note of even date herewith, executed by the said ELK RIVER DEVELOPMENT COMPANY, a West Virginia corporation,[12] party of the first part, *payable to the order of CARL SEARS and IRENE SEARS, his wife, or his or her survivor, as joint tenants with right of survivorship.*" (Footnote and emphasis added). Generally, a joint tenancy with the right of survivorship contemplates the passing of the property jointly owned to the survivor(s) upon the death of one of the owners. 21A Michie's Jurisprudence *Words and Phrases* 175 (Supp.1998) ("Ordinarily, 'survivor' means one who outlives another." (citation omitted)). While the operation of a survivorship provision may be overcome by the terms of an instrument showing a contrary intent, we do not have before us Mr. Sears' will from which to glean whether such a contrary intent is indeed manifest. *See* Syl. pt. 3, *Herring v. Carroll,* 171 W.Va. 516, 300 S.E.2d 629 (1983) ("The common law incident of survivorship in a joint tenancy has been altered by W. Va.Code, 36–1–19 [13]. We have rather uniformly held that this statute abrogates the right of survivorship in a common law joint tenancy unless under W. Va.Code, 36–1–20 [14], 'it manifestly appears from the tenor of the instrument that it was intended that the part of the one dying should then belong to the others.'" (footnotes added)); Syl. pt. 4, *Herring,* 171 W.Va. 516, 300 S.E.2d 629 ("A joint tenant may convey his undivided interest in real property to a third person. When one of two joint tenants conveys his undivided interest to a third

---

12. *See supra* notes 5 and 10.

13. W. Va.Code § 36–1–19 (1923) (Repl.Vol.1997) provides:
    When any joint tenant or tenant by the entireties of an interest in real or personal property, whether such interest be a present interest, or by way of reversion or remainder or other future interest, shall die, his share shall descent or be disposed of as if he had been a tenant in common.

14. W. Va.Code § 36–1–20 (1981) (Repl.Vol. 1997), which was in effect at the time of the *Herring* decision and which also governs the instant controversy, instructs how the right of survivorship may be preserved in a joint tenancy.
    (a) The preceding section [§ 36–1–19] shall not apply to any estate which joint tenants have as executors or trustees, nor to an estate conveyed or devised to persons in their own right, when it manifestly appears from the tenor of the instrument that it was intended that the part of the one dying should then belong to the others. Neither shall it affect the mode of proceeding on any joint judgment or decree in favor of, or on any contract with, two or more, one of whom dies.
    (b) When the instrument of conveyance or ownership in any estate, whether real estate or tangible or intangible personal property, links multiple owners together with the disjunctive "or," such ownership shall be held as joint tenants with the right of survivorship, unless expressly stated otherwise.

person the right of survivorship is destroyed. Such third party and the remaining joint tenant hold the property as tenants in common.").

If, however, the one-half interest in the note did, in fact, pass upon Mr. Sears' death to Mrs. Sears according to the above-quoted terms of the deed of trust instrument, then it seems that Mrs. Sears and not the Sears Heirs would be the owner of the remaining one-half interest to which the Heirs claim entitlement in the instant appeal. Thus, if Mrs. Sears, and not the Sears Heirs, is, in fact, the holder of this remaining one-half interest, then Mrs. Sears, and not the Heirs, would have the right to redeem, or not to redeem, at her election, the subject property. Because the evidence contained in the appellate record regarding the true owner of Mr. Sears' one-half note interest is sketchy, at best, and because this issue does not appear to have been raised by the parties or considered by the circuit court during the proceedings underlying this appeal, we hesitate to conclusively decide this issue in the absence of appropriate documentation and without having afforded the parties an opportunity to present arguments with respect thereto. *See* Syl. pt. 6, *State v. Byers,* 159 W.Va. 596, 224 S.E.2d 726 (1976) ("This Court will not consider an error which is not preserved in the record nor apparent on the face of the record."). *See also* Syl. pt. 6, *Addair v. Bryant,* 168 W.Va. 306, 284 S.E.2d 374 (1981) ("Assignments of error that are not argued in the briefs on appeal may be deemed by this Court to be waived."); Syl. pt. 6, in part, *Parker v. Knowlton Constr. Co., Inc.,* 158 W.Va. 314, 210 S.E.2d 918 (1975) ("[T]he Supreme Court of Appeals is limited in its authority to resolve assignments of nonjurisdictional errors to a consideration of those matters passed upon by the court below and fairly arising upon the portions of the record designated for appellate review."). Accordingly, we direct the parties to develop a record on this issue during the remand proceedings before the circuit court to enable that tribunal to properly address this matter.

For the same reasons attending our decision that the Sears Heirs were entitled to notice of their right to redeem the parcel of land, we conclude further that the circuit court improperly required the Heirs to execute releases of the deed of trust note upon Rollyson's payment in full of this debt. Because the Heirs had a statutory right to redeem the subject property and to receive notice of this right, they were entitled to an opportunity to exercise their right to redemption. *See* W. Va.Code §§ 11A–3–19(a)(1); 11A–3–23(a). Furthermore, despite the language of the deed of trust agreement purportedly authorizing the debtor thereunder, *i.e.,* Rollyson, to tender payment of the note in full at any time,[15] such private rights are necessarily subordinate to the conflicting statutory provisions granting the Heirs a right to redeem the property. *See* 4B Michie's Jurisprudence *Contracts* § 52, at 92. *See also* W. Va.Code § 11A–3–1 (1994) (Repl.Vol.1995) (recognizing rights of those with interests in real property to receive "adequate notice and an opportunity for redemption before they are divested of their interests in real property for failure to pay taxes"). Rather, only after the period for redemption specified in the notice to redeem has expired may the circuit court order the issuance of a tax deed to Rollyson in the face of the Heirs' nonredemption of the property. *See* W. Va.Code § 11A–3–27. Therefore, we reiterate our above-stated conclusion that the circuit court erroneously and prematurely granted Rollyson mandamus relief given that the Sears Heirs had not yet been afforded an opportunity to exercise their statutory right to redemption. Accordingly, we reverse the lower court's decision awarding Rollyson mandamus relief and remand this case for further proceedings consistent with our decision herein.

### B. Award of Costs Pursuant to W.Va. Code § 11A–3–28 (1995) (Repl.Vol.1995)

As a matter of cross-appeal, Rollyson asserts that the circuit court erred by

---

**15.** The deed of trust provides, in paragraph two, "[t]hat the said parties of the first part [Elk River Development Company] or other maker or makers of the note or other obligation hereby secured, reserve the right to pay the whole or any part of the principal and interest due thereon at any time." *See supra* notes 5 and 10.

refusing his request for costs arising from his mandamus proceeding. In his petition for writ of mandamus, Rollyson alleged that Clerk Jordan failed and refused to issue either (1) a notice to redeem to the Sears Heirs or (2) a tax deed to Rollyson, himself, for the property he purchased at the November 16, 1995, Braxton County tax sale. Pursuant to W. Va.Code § 11A–3–28 (1995) (Repl.Vol.1995), a purchaser of property at a tax sale may seek relief from the circuit court if the county commission clerk has failed or refused to issue a requested notice to redeem or tax deed.

> If the clerk of the county commission fails or refuses to prepare and serve the notice to redeem as required in sections twenty-one and twenty-two [§§ 11A–3–21 and 11A–3–22] of this article, the person requesting the notice may, at any time within two weeks after discovery of such failure or refusal, but in no event later than sixty days following the date the person requested that notice be prepared and served, apply by petition to the circuit court of the county for an order compelling the clerk to prepare and serve the notice or appointing a commissioner to do so. . . .
>
> If the clerk fails or refuses to execute the deed as required in section twenty-seven [§ 11A–3–27] of this article, the person requesting the deed may, at any time after such failure or refusal, but not more than six months after his right to the deed accrued, apply by petition to the circuit court of the county for an order compelling the clerk to execute the deed or appointing a commissioner to do so.

W. Va.Code § 11A–3–28. Of particular import herein are the subsequent provisions directing the apportionment of costs attributable to such a proceeding.

> *If, upon the hearing of such application, the court or judge is of the opinion that the applicant is not entitled to the notice or deed requested, the petition shall be dismissed at his costs;* but if the court or judge is of the opinion that he is entitled to such notice or deed, then ... an order shall be made by the court or judge directing the clerk to prepare and serve the notice or execute the deed, or appointing a

commissioner for the purpose, as the court or judge shall determine. *If it appears to the court or judge that the failure or refusal of the clerk was without reasonable cause, judgment shall be given against him for the costs of the proceedings; otherwise the costs shall be paid by the applicant.*

*Id.* (emphasis added).

It is apparent that, in awarding relief for a clerk's failure or refusal to issue a requested notice to redeem or tax deed, the circuit court is afforded considerable discretion in granting or denying costs to the applicant for relief. Ordinarily, when a circuit court is afforded discretion in making a decision, this Court accords great deference to the lower court's determination. However, when we find that the lower court has abused its discretion, we will not hesitate to right the wrong that has been committed. " 'A trial court abuses its discretion if its ruling is based on an erroneous assessment of the evidence or the law.' " *State v. Hedrick*, 204 W.Va. 547, 552, 514 S.E.2d 397, 402 (1999) (quoting *Bartles v. Hinkle*, 196 W.Va. 381, 389, 472 S.E.2d 827, 835 (1996) (citation omitted)) (additional citations omitted). *See also Gribben v. Kirk*, 195 W.Va. 488, 500, 466 S.E.2d 147, 159 (1995) (observing that abuse of discretion occurs when "the circuit court makes a clear error of judgment or exceeds the bounds of permissible choices in the circumstances"). The instant assignment of error regarding Rollyson's request for costs and the circuit court's denial, *in toto*, of the same presents one such opportunity.

Rollyson's request for costs is based upon his mandamus proceeding, which involved both the clerk's refusal to notify the Sears Heirs of their right to redeem and the denial of a tax deed to Rollyson who had purchased the subject property. As we explained above, the statutory law in this field quite clearly designates who is entitled to receive notice to redeem. Pursuant to W. Va.Code §§ 11A–3–19(a)(1) and 11A–3–23(a) and the facts surrounding the underlying mandamus petition, we have determined that the Sears Heirs unquestionably were entitled to notice of their right to redeem the 65.25 acre tract. Insofar as Clerk Jordan refused to issue

notice to these affected individuals, his refusal was "without reasonable cause," W. Va. Code § 11A–3–28. Therefore, we find that the circuit court abused its discretion in denying Rollyson's request for costs to the extent that such costs were incurred in the course of prosecuting the notice portion of his mandamus proceeding. Accordingly, we reverse that portion of the circuit court's order denying costs to Rollyson arising from his action to compel the issuance of a notice to redeem to the Sears Heirs. Furthermore, we remand this case to the circuit court for an award of the costs attributable to Rollyson's notice action, consistent with W. Va. Code § 11A–3–28.

 Despite the award of costs regarding the notice portion of Rollyson's mandamus proceeding, though, we do not find that he is entitled to costs for the remaining portion of his requested relief, *i.e.*, the issuance of a tax deed. As we explained in Section III.A., *supra*, a tax deed cannot issue until the Sears Heirs, as persons entitled to notice of their right to redeem, have been afforded an opportunity to do so. Once the applicable time limit for redemption has expired, as prescribed by W. Va.Code § 11A–3–27, if the Sears Heirs have not redeemed the property, a deed may issue if all of the requisite requirements have been satisfied. Hence, Rollyson's request for mandamus relief to obtain the issuance of a tax deed was premature as such relief is not available until after the appropriate redemption period has expired. Therefore, Clerk Jordan's refusal to issue a tax deed was *not* "without reasonable cause," and the circuit court did not abuse its discretion by refusing costs in this regard. Thus, the circuit court's denial of costs to Rollyson is affirmed insofar as the costs denied relate to that portion of his mandamus petition seeking the issuance of a tax deed.

## IV.

### CONCLUSION

In conclusion, we affirm, in part, that portion of the circuit court's order denying Rollyson costs associated with his request for mandamus relief to compel the issuance of a tax deed. We further reverse, in part, the circuit court's order insofar as it awarded Rollyson mandamus relief, effectively depriving the Sears Heirs of an opportunity to redeem the property securing their deed of trust note, and denied him his costs attributable to his proceeding to compel Clerk Jordan to issue redemption notices to the Heirs. Finally, we remand this case to the circuit court for further proceedings consistent with this opinion, which include permitting the Heirs an opportunity to redeem the property, if they so choose, and awarding Rollyson the costs resulting from his request for the issuance of redemption notices. Accordingly, the decision of the Circuit Court of Braxton County is affirmed, in part; reversed, in part; and remanded.

Affirmed, in part; Reversed, in part; and Remanded.