**FILED**

**February 1, 2022**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**Jay Folse,**
**Petitioner Below, Petitioner**

**vs.)**    **No. 21-0340** (Ohio County 20-C-11)

**G. Russell Rollyson,**
**Respondent Below, Respondent**

**MEMORANDUM DECISION**

Self-represented petitioner Jay Folse appeals the March 29, 2021, order of the Circuit Court of Ohio County dismissing his amended petition pursuant to West Virginia Code § 11A-3-60. Petitioner sought to compel Respondent G. Russell Rollyson, the Deputy Commissioner of Delinquent and Non-entered Lands ("Deputy Commissioner"), an agent of the West Virginia State Auditor ("Auditor"), to issue to a notice to redeem delinquent property to an entity petitioner failed to include on the list he provided to the Deputy Commissioner in violation of West Virginia Code § 11A-3-52(a)(1). The Deputy Commissioner, by counsel Lisa A. Hopkins and Michael B. Nusbaum, filed a response. Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner bought real property in Ohio County at an Auditor's sale.[1] By letter dated February 13, 2020, the Deputy Commissioner informed petitioner that "[petitioner's] purchase of

---

[1] As this Court noted in *Lexington Land Company, LLC v. Howell*, 211 W. Va. 644, 567 S.E.2d 654 (2002),

(continued . . .)

1

Certification Number: 355999, described as: SUN ADD 1 124-125-126-127 PC LD, WHEELING CITY CORP district, . . . has been approved by the Auditor[.]" The Deputy Commissioner stated that, pursuant to West Virginia Code § 11A-3-52(a)(1), petitioner was required to provide a list of those persons to be served with notice to redeem the property within forty-five days, or March 30, 2020, and that, "[s]hould any notice to redeem be returned as undeliverable, unclaimed[,] or refused, the purchaser shall provide a physical address or personal process service and deposit a sum sufficient to cover the costs of preparing and servicing the notice." (Emphasis omitted.). The Deputy Commissioner further stated that failure to comply "shall cause [petitioner] to lose all the benefits of your purchase."

Petitioner provided the list of persons to be served as required by West Virginia Code § 11A-3-52(a)(1) on April 2, 2020. After certified mail addressed to the property owner was returned to the Deputy Commissioner, the Deputy Commissioner asked petitioner to provide an address at which the property owner could be personally served. In the process of providing the Deputy Commissioner with such an address, petitioner acknowledged that he failed to include an entity having a lease on the property on the list he provided to the Deputy Commissioner. In e-mail correspondence dated December 21, 2020, petitioner stated that

> I will try another address for personal service however, that is a good address. *What I am asking if I can add another entity. I missed notifying someone that has a lease on the property. I did not think to look that far back in the title search on this property. I went out to the property and the neighbor pointed out that [M]ountaineer [G]as has a building on the property. They have a lease[,] and I need to notify them.*

(Emphasis added.) Based upon petitioner's admission, the Deputy Commissioner determined that petitioner failed to comply with West Virginia Code § 11A-3-52(a)(1) and, due to petitioner's non-compliance, petitioner was not entitled to complete the purchase of the property pursuant to West Virginia Code § 11A-3-52(b).

On January 19, 2021, petitioner filed a petition in the Circuit Court of Ohio County pursuant to West Virginia Code § 11A-3-60 seeking to compel the Deputy Commissioner to issue a notice to redeem to Mountaineer Gas and to allow petitioner's purchase of the property. West Virginia Code § 11A-3-60 provides, in pertinent part:

---

> if a property owner fails to pay his or her county property taxes, the property may be sold at auction by the sheriff of that county; if no one purchases the property at the sheriff's sale, the property is then "certified" to the State Auditor. After the appropriate time period has passed, the Auditor, acting in the capacity of Commissioner of Delinquent and Non[-]entered Lands, will appoint a Deputy Commissioner, who will also hold [an] auction to sell the property.

*Id.* at 646, 567 S.E.2d at 656.

2

If the deputy commissioner fails or refuses to prepare and serve the notice to redeem as required in [West Virginia Code §§ 11A-3-54 and 11A-3-55], the person requesting the notice may, at any time within two weeks after discovery of such failure or refusal, but in no event later than sixty days following the date the person requested that notice be prepared and served, apply by petition to the circuit court of the county for an order compelling the deputy commissioner to prepare and serve the notice or appointing a commissioner to do so. If the person requesting the notice fails to make such application within the time allowed, he shall lose his right to the notice, but his rights against the deputy commissioner under the provisions of [West Virginia Code § 11A-3-67] shall not be affected.[2]

(Footnote added.)

On February 23, 2021, the Deputy Commissioner filed a motion to dismiss the petition for a failure to state a claim on which relief can be granted. Thereafter, petitioner filed an amended petition and a motion for leave to file the amended petition. While there was no ruling as to petitioner's motion for leave to file the amended petition, the Deputy Commissioner filed a motion to dismiss the amended petition that incorporated the arguments set forth in the motion to dismiss the original petition.

By order entered on March 29, 2021, after a "review of the pleadings, pertinent legal authorities in regard to this matter and the applicable [m]otions," the circuit court dismissed the "petition and [the] [a]mended petition." The circuit court found the Deputy Commissioner "did not refuse to perform a duty required of him, but rather refused to comply with an unauthorized request of . . . [p]etitioner that was not permitted by law." The circuit court reasoned that "[p]etitioner admittedly failed to provide an accurate list of those entitled to notice to redeem within 45 days of [the approval of] the purchase of [the] tax lien when he requested the [Deputy Commissioner] send notice to a new entity eight months past [West Virginia Code § 11A-3-52(a)(1)'s] deadline."

Petitioner now appeals the circuit court's March 29, 2021, order dismissing his amended petition. Pursuant to Rule 12(b)(6) of the West Virginia Rules of Civil Procedure, dismissal is appropriate if there is "[a] failure to state a claim upon which relief can be granted." We review the dismissal of petitioner's amended petition de novo. *See* Syl. Pt. 2, *State ex rel. McGraw v. Scott Runyan Pontiac-Buick*, 194 W. Va. 770, 461 S.E.2d 516 (1995) ("Appellate review of a circuit

---

[2]West Virginia Code § 11A-3-67 provides that, "[i]f any officer mentioned in this article shall refuse to perform any duty required of him, he shall forfeit not less than twenty-five nor more than one hundred dollars for each such failure or refusal, unless a different penalty is imposed by the provisions of this article." On appeal, petitioner argues that, should he prevail in his proceeding pursuant to West Virginia Code § 11A-3-60, the Deputy Commissioner should be fined in accordance with West Virginia Code § 11A-3-67 and further argues that petitioner should be awarded his costs in bringing the proceeding. We find that these arguments are without merit because, as we explain *infra*, the circuit court properly dismissed petitioner's amended petition.

court's order granting a motion to dismiss a complaint is *de novo*."). A de novo standard of review also applies to this case because we must consider whether the circuit court correctly interpreted and applied the governing statutory law. *See* Syl. Pt. 1, *Chrystal R.M. v. Charlie A.L.*, 194 W. Va. 138, 459 S.E.2d 415 (1995) ("Where the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review.")

On appeal, petitioner initially argues that the circuit court erred "by not evaluating the amended petition." Petitioner provides no legal authority to support this assignment of error. Moreover, if the asserted error is that the circuit court failed to consider the amended petition, we reject petitioner's argument because the circuit court specifically stated in its order that it was dismissing the "petition and [the] [a]mended petition" after a review of the pleadings.

Given the absence of legal authority, the Deputy Commissioner argues that, to the extent that petitioner attempts to raise other arguments under this assignment of error, he fails to comply with Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure, which provides:

> *Argument:* The brief must contain an argument exhibiting clearly the points of fact and law presented, the standard of review applicable, and citing the authorities relied on, under headings that correspond with the assignments of error. The argument must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal. The Court may disregard errors that are not adequately supported by specific references to the record on appeal.

We agree with the Deputy Commissioner and, pursuant to Rule 10(c)(7), decline to consider any arguments not supported with pertinent authority. *State v. LaRock*, 196 W. Va. 294, 302, 470 S.E.2d 613, 621 (1996) ("Although we liberally construe briefs in determining issues presented for review, issues which are not raised, and those mentioned only in passing but are not supported with pertinent authority, are not considered on appeal."); *State v. Lilly*, 194 W. Va. 595, 605 n.16, 461 S.E.2d 101, 111 n.16 (1995) (finding that cursory treatment of an issue is insufficient to raise it on appeal).

Petitioner states that his primary argument is that he "requested an additional notice to redeem after the initial 45[-]day period and that [the Deputy Commissioner] is required to issue that notice." To support this argument, petitioner relies upon *Rollyson v. Jordan*, 205 W. Va. 368, 518 S.E.2d 372 (1999). We find that *Rollyson* is distinguishable from this case as *Rollyson* concerned a sheriff's sale, *see id.* at 371, 518 S.E.2d at 375, to which West Virginia Code §§ 11A-3-1 to 11A-3-32 apply. In contrast, the instant case concerns an Auditor's sale to which West Virginia Code §§ 11A-3-33 to 11A-3-66 apply.[3]

---

[3]We explained in *Lexington Land Company* that Chapter 11A, Article 3 of the West Virginia Code "has three main parts, the first dealing with a sheriff's duties and authority, the second with those of the Auditor, and the third covering several miscellaneous provisions." 211 W. Va. at 646, 567 S.E.2d at 657. The miscellaneous provisions are set forth at West Virginia Code §§ (continued . . .)

West Virginia Code § 11A-3-52(a)(1) applies to this case and provides that,

> Within 45 days following the approval of the sale by the auditor pursuant to [West Virginia Code] § 11A-3-51 . . ., the purchaser . . ., in order to secure a deed for the real estate purchased, *shall*: (1) Prepare a list of those to be served with notice to redeem and request the deputy commissioner to prepare and serve the notice as provided in [West Virginia Code §§ 11A-3-54 and 11A-3-55].[4]

(Emphasis and footnote added.) Before the Deputy Commissioner has a duty to act pursuant to West Virginia Code §§ 11A-3-54 and 11A-3-55, the purchaser of the property must comply with West Virginia Code § 11A-3-52(a)(1). West Virginia Code § 11A-3-54 provides that, "[w]*henever the provisions of* [*West Virginia Code § 11A-3-52*] *have been complied with,* the deputy commissioner shall thereupon prepare a notice in form or effect as follows: . . . ." (Emphasis added.) West Virginia Code § 11A-3-55(a) provides, in pertinent part, that, "[a]s soon as the deputy commissioner has prepared the notice provided for in [West Virginia Code] § 11A-3-54 . . ., he or she shall cause it to be served *upon all persons named on the list generated by the purchaser pursuant to* [*West Virginia Code*] *§ 11A-3-52*[*(a)(1).*]" (Emphasis added.)

Accordingly, West Virginia Code § 11A-3-52(b) provides that "[i]f the purchaser fails to fulfill the requirements set forth in [West Virginia Code § 11A-3-52(a)(1)], the purchaser *shall* lose all the benefits of his or her purchase." (Emphasis added.) In Syllabus Point 1 of *Nelson v. West Virginia Public Employees Insurance Board*, 171 W. Va. 445, 300 S.E.2d 86 (1982), we held that "[i]t is well established that the word 'shall,' in the absence of language in the statute showing a contrary intent on the part of the Legislature, should be afforded a mandatory connotation."

Petitioner argues that, because he filed a petition pursuant to West Virginia Code § 11A-3-60, the Deputy Commissioner retaliated against him by deeming the April 2, 2020, submission of petitioner's list of persons to be served with notices to redeem the property as untimely despite the Deputy Commissioner's initial acceptance of the list. While the parties agree that the deadline pursuant to West Virginia Code § 11A-3-52(a)(1) was March 30, 2020, and that petitioner did not submit his list until April 2, 2020, petitioner surmises that the Deputy Commissioner developed a practice of accepting late submissions due to the Covid-19 pandemic. However, based upon our review of the record, the Deputy Commissioner never raised the issue of the untimeliness of the April 2, 2020, submission of petitioner's list before the circuit court, and the circuit court never addressed that issue. Therefore, because the untimeliness of the April 2, 2020, submission was not presented to the circuit court, we decline to address that issue pursuant to Rule 10(c)(7) of the Rules of Appellate Procedure and express no opinion on it.

---

11A-3-67 to 11A-3-74.

[4]Effective June 5, 2020, the Legislature made stylistic changes to West Virginia Code § 11A-3-52(a)(1). The substance remains the same.

The record reflects that the Deputy Commissioner determined that, due to the mandatory language of West Virginia Code §§ 11A-3-52(a)(1) and 11A-3-52(b), the sale of the property to petitioner could not be completed following petitioner's admission that he failed to include Mountaineer Gas on his list of persons to be served *until approximately eight months after the expiration* of West Virginia Code § 11A-3-52(a)(1)'s deadline because "[he] did not think to look that far back in the title search on this property." As we found in *Mingo County Redevelopment Authority v. Green*, 207 W. Va. 486, 534 S.E.2d 40 (2000), "[o]nce someone has purchased a property at [a] sale, the new purchaser has an obligation to identify those parties entitled to redeem the property before that new purchaser can receive a deed to the property." *Id.* at 494, 534 S.E.2d at 48 (citing W. Va. Code § 11A-3-52(a)(1)). Particularly relevant to the instant case, we further stated in *Redevelopment Authority* that, as "[a] purchaser of the property at the Auditor's sale is required to assemble a list of parties who hold some interest in the property," "[t]he purchaser must make a diligent search of public records to identify interested parties." *Id.* at 495, 534 S.E.2d at 49.

Ultimately, petitioner acknowledges the requirement set forth in West Virginia Code § 11A-3-52(a)(1) to provide the Deputy Commissioner with list of persons to be served with notices to redeem the property, but he argues that "circumstances may dictate that it is simply not possible to" satisfy West Virginia Code § 11A-3-52(a)(1). We agree with the Deputy Commissioner's position that petitioner's argument is contrary to law. "Persons seeking to obtain complete title to property sold for taxes must comply literally with the statutory requirements." Syl. Pt. 1, *Cook v. Duncan*, 171 W. Va. 747, 301 S.E.2d 837 (1983) (Citation omitted.). Therefore, due to petitioner's admission that he failed to include Mountaineer Gas on his list of persons to be served until approximately eight months after the expiration of West Virginia Code § 11A-3-52(a)(1)'s deadline, we conclude that the circuit court properly dismissed petitioner's amended petition.

For the foregoing reasons, we affirm the circuit court's March 29, 2021, order granting the Deputy Commissioner's motion to dismiss petitioner's amended petition pursuant to West Virginia Code § 11A-3-60.

Affirmed.

**ISSUED**:   February 1, 2022

**CONCURRED IN BY**:

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice William R. Wooton

**DISQUALIFIED:**

Justice Tim Armstead