IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

FILED

July 1, 2024

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**CHRISTINA F.,**
**Petitioner Below, Petitioner**

**v.) No. 23-ICA-507**    (Fam. Ct. Fayette Cnty. No. FC-10-2017-D-186)

**JASON C.,**
**Respondent Below, Respondent**

### MEMORANDUM DECISION

Petitioner Christina F.[1] appeals the Temporary Custody Order entered by the Family Court of Fayette County on November 7, 2023 (the "Order").[2] Christina F. asserts that the family court erroneously awarded her less than fifty percent of the custodial time with her child during the pendency of an ongoing custody proceeding. The child's father, Respondent Jason C., and the child's guardian ad litem ("GAL"), responded in support of the family court's Order.[3] Christina F. did not file a reply.

After considering the record on appeal, the parties' briefing, and the applicable law, this Court finds that the Order on appeal is neither a final order nor an appealable interlocutory order pursuant to West Virginia Code § 48-9-203(f). As explained below, a memorandum decision dismissing this appeal is appropriate.

Because we conclude that this appeal was improvidently docketed, our recitation of the factual and procedural narrative of the case will be brief. Before the events giving rise to this appeal, pursuant to a previous permanent parenting plan order, Christina F. was

---

[1] To protect the confidentiality of the juvenile involved in this case, we refer to the parties' last name by the first initial. *See, e.g.*, W. Va. R. App. P. 40(e); *State v. Edward Charles L.*, 183 W. Va. 641, 645 n.1, 398 S.E.2d 123, 127 n.1 (1990).

[2] The Order purported to afford the parties a right to appeal pursuant to West Virginia Code § 48-9-203(f) (2022). Thus, upon filing her Notice of Appeal to this Court, Christina F. checked a box indicating that the family court's temporary order was entered under West Virginia Code § 48-9-203(f).

[3] Christina F. is represented by Brandon L. Gray, Esq. Jason C. is represented by Beverly D. Hall, Esq. and Ronald N. Walters, Jr., Esq. The child's GAL is Vickie L. Hylton, Esq.

1

designated the primary custodial parent of the parties' eight-year-old child.[4] On March 29, 2023, Jason C. filed a petition seeking an order modifying the permanent parenting plan to designate him as the primary custodial parent of the child.[5]

On November 1, 2023, the family court held a hearing on Jason C.'s petition for modification of custodial allocation. Shortly thereafter, the family court entered its Order. In the Order, the family court modified the permanent parenting plan pursuant to West Virginia Code § 48-9-401(b) (2022), finding that a "palpable risk of harm" existed if Christina F. continued to retain primary custody.[6] The family court scheduled a final hearing on custody and designated that, "during the interim," Jason C. would be the primary custodial parent, with Christina F. receiving parenting time on three weekends every month, pending the final hearing. It is from this Order that Christina F. appeals, requesting that we assert our interlocutory jurisdiction to review certain temporary parenting plan orders set forth in West Virginia Code § 48-9-203(f).

The issue on appeal is whether the Order before us creates a temporary parenting plan that permits our expedited interlocutory review. Our jurisdiction is generally limited to appeals of "final judgments or orders" from circuit courts, family courts, and administrative agencies. *See* W. Va. Code § 51-11-4 (2022). West Virginia Code § 51-2A-11 (2001) specifically provides that "[n]o appeal may be had under the provisions of this article from any order of a family court judge ... other than a final order." However, West Virginia Code § 48-9-203(f) provides a limited exception to the final order requirement:

> A parent who has sought and been denied equal (50-50) physical custody, or who has been denied any physical custody, may file an interlocutory appeal with the West Virginia Intermediate Court of Appeals as to the temporary custodial allocation of the child or children, and the Intermediate Court of Appeals shall provide an expedited review of the order.

When interpreting statutes, the Supreme Court of Appeals of West Virginia has explained that an appellate court must "first discern the objective of the enactment" as

---

[4] The record does not include the date of the family court order creating the original permanent parenting plan. However, the initial proceeding between the parties commenced in 2017.

[5] The record reflects that the family court had granted Jason C. primary custody of the child in an October 20, 2023, *ex parte* emergency custody order until the court could consider Jason C.'s petition to modify at a November 1, 2023, hearing.

[6] The family court found that the presumption favoring equal 50-50 custodial allocation was rebutted pursuant to West Virginia Code §§ 48-9-102(a)(1) (2022), 48-9-209(f)(3)(F), and 48-9-209(f)(7).

"'[t]he primary object in construing a statute is to ascertain and give effect to the intent of the Legislature.' Syllabus Point 1, *Smith v. Workmen's Compensation Commissioner,* 159 W.Va. 108, 219 S.E.2d 361 (1975)." *In re Ryan B.*, 224 W. Va. 461, 466, 686 S.E.2d 601, 606 (2009) (citing Syl. Pt. 6, *State ex rel. ACF Indus., Inc. v. Vieweg,* 204 W. Va. 525, 514 S.E.2d 176 (1999)).

> "'Statutes which relate to the same subject matter should be read and applied together so that the Legislature's intention can be gathered from the whole of the enactments.' Syllabus Point 3, *Smith v. State Workmen's Compensation Comm'r,* 159 W. Va. 108, 219 S.E.2d 361 (1975)." Syllabus Point 3, *Boley v. Miller,* 187 W. Va. 242, 418 S.E.2d 352 (1992).

Syl. Pt. 3, *Rollyson v. Jordan,* 205 W. Va. 368, 518 S.E.2d 372 (1999). "Once the legislative intent has been determined, the specific words chosen by the Legislature are examined. Statutory language that is plain must be applied as it is written." *Skidmore v. Skidmore*, 225 W. Va. 235, 242, 691 S.E.2d 830, 837 (2010). "However, statutory language that is not plain must be construed before it can be applied." *Id*. at 242–43, 691 S.E.2d at 837–38.

Applying these rules of statutory construction, we note that West Virginia Code § 48-9-203(f) is silent as to whether the expedited interlocutory appeal exception applies to orders modifying permanent parenting plans. The heading of West Virginia Code § 48-9-203 describes the section as governing temporary orders creating *temporary* parenting plans. Further, subsection (a) requires any parent who seeks a *temporary* parenting plan to file a proposed temporary parenting plan by motion stating where and with whom the child has lived for the past twelve months, including the parenting functions of each parent over the last twelve months as they relate to the child's daily needs. *See* W. Va. Code § 48-9-203(a). Under the West Virginia Domestic Relations Act, a parenting plan is either a temporary parenting plan or a permanent parenting plan. *See* W. Va. Code § 48-1-235.3 (2001). A "permanent parenting plan" is defined as a plan for parenting a child that is "incorporated into a final order *or subsequent modification order*." W. Va. Code § 48-1-235.4 (2001) (emphasis added). Reading West Virginia Code § 48-9-203 and the above definitions together, absent further clarification from the Legislature or the Supreme Court of Appeals, we conclude that the Legislature's intent was for interlocutory appeals to arise from initial custody proceedings and not from subsequent modification proceedings; thus, our interlocutory jurisdiction, granted by West Virginia Code § 48-9-203(f), is limited to orders creating *temporary* parenting plans and does not include an interim order crafting modifications to a *permanent* parenting plan. Had the Legislature intended to include temporary modifications of custodial allocation into our appellate jurisdiction, we believe it would have done so. Therefore, we conclude that temporary orders from family courts, as they relate to subsequent modifications of custodial allocation, are not subject to expedited interlocutory appeal.

Accordingly, a temporary parenting plan order (preceding a permanent parenting plan order) is subject to expedited interlocutory review by the Intermediate Court of Appeals in one of two situations: (1) when a party who has requested equal 50-50 custody and has been denied equal 50-50 custody appeals an initial temporary parenting plan order, or (2) when a party who has not been awarded any physical custody appeals an initial temporary parenting plan order. Therefore, we conclude that if the record is clear that a party sought and was denied equal 50-50 custody, or a party was not awarded any physical custody, only then is that party eligible to file an interlocutory appeal to this Court based upon a temporary order stemming from the initial custody action in the proceeding. Turning to the Order on appeal, the record clearly indicates that Christina F. neither sought equal 50-50 custody nor was denied all physical custody. Moreover, the Order arose from Jason C.'s petition for modification of the permanent parenting plan that had already been entered pursuant to the initial proceeding.

Accordingly, this appeal was improvidently docketed and is dismissed.

Dismissed.

**ISSUED:** July 1, 2024

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear

4