639 S.E.2d 835

**Lowell B. COGAR, Plaintiff Below, Appellee**

v.

**Lee LAFFERTY, Defendant Below, Appellant.**

No. 33007.

Supreme Court of Appeals of West Virginia.

Submitted Oct. 4, 2006.

Decided Nov. 14, 2006.

William F. Richmond, Jr., Esq., Richmond Law Office, Beckley, for Appellant.

William D. Stover, Esq., Beckley, for Appellee.

MAYNARD, Justice:

This case is before this Court upon appeal of a final order of the Circuit Court of Raleigh County entered on July 20, 2005. In that order, the circuit court denied the motion of the appellant and defendant below, Lee Lafferty, to amend the court's prior summary judgment order wherein the court voided a quitclaim deed received by Mr. Lafferty pursuant to his purchase of real estate at a sheriff's tax sale. The court found that

notice of the right to redeem was not served upon the appellee and plaintiff below, Lowell B. Cogar, a partner in the business which owned the subject real estate. In this appeal, Mr. Lafferty contends his deed was valid because notice of the right to redeem was given to the business, i.e., the partnership, that owned the property.

This Court has before it the petition for appeal, the entire record, and the briefs and argument of counsel. For the reasons set forth below, the final order is reversed, and this case is remanded to the circuit court with directions to enter an order granting summary judgment in favor of Mr. Lafferty.

## I.

## FACTS

Lowell B. Cogar and Jerry C. Whitt are partners in a West Virginia general partnership known as Whitco Associates (hereinafter "Whitco"). In 2002, Whitco was the owner of record of a 13.77 acre tract of land located on Old Grandview Road in Raleigh County, West Virginia. Because the real estate taxes were not paid on the property in 2001, it was sold by the Sheriff of Raleigh County on November 22, 2002. The property was purchased by Lee Lafferty for the sum of $1,500.00.

On December 30, 2003, Mr. Lafferty prepared a list of persons and entities entitled to be served with notice of the right to redeem pursuant to W.Va.Code § 11A–3–19(a) (1998) and filed the same with Clerk of the County Commission of Raleigh County (hereinafter "Clerk"). The list included Whitco, Mr. Cogar, and Mr. Whitt. Addresses were provided for Whitco and Mr. Whitt, but Mr. Cogar's address was listed as "unknown." On January 6, 2004, the Clerk mailed notice of the right to redeem by certified mail to Whitco and Mr. Whitt.[1] The notices of the certified mailings were unclaimed. Thereafter, the Clerk served notice by publication informing Whitco, Mr. Whitt, Mr. Cogar, and any of their unknown heirs of the right to redeem the partnership real estate before

---

1. These notices were sent to different addresses. Whitco's address was obtained from the partnership agreement recorded in the Clerk's office.

April 1, 2004. Publication was made on February 12, 2004, February 19, 2004, and February 26, 2004.

After the time to redeem expired, the Clerk issued a deed dated April 7, 2004, conveying the property to Mr. Lafferty. The deed was recorded the next day. Subsequently, Mr. Lafferty constructed a road on the property at a cost of approximately $2,500.00.

On June 16, 2004, Mr. Cogar filed a complaint against Mr. Lafferty in the Circuit Court of Raleigh County. Mr. Cogar sought to set aside the deed because he was not served with personal notice of the right to redeem. Mr. Cogar asserted that notice by publication was not sufficient because Mr. Lafferty could have found his address in the local telephone book.

Both parties filed motions for summary judgment in August 2004. On May 19, 2005, the circuit court entered an order granting partial summary judgment in favor of Mr. Cogar. The circuit court reasoned that as a partner in Whitco, Mr. Cogar had a right to pay the taxes on the property, and therefore, was entitled to notice of the right to redeem. The court concluded that since the Clerk failed to give notice of the right to redeem to Mr. Cogar, the tax deed was void. Having found the deed void, the Court stated that Mr. Lafferty would be entitled to reimbursement for the improvements he made to the property. The court indicated that a hearing would be scheduled to allow Mr. Lafferty to present evidence concerning the value of the improvements. Thereafter, Mr. Lafferty filed a motion to amend the judgment pursuant to Rule 59 of the West Virginia Rules of Civil Procedure. The circuit court denied the motion in the final order entered on July 20, 2005. This appeal followed.[2]

## II.

### STANDARD OF REVIEW

In Syllabus Point 1 of *Wickland v. American Travellers Life Ins. Co.*, 204 W.Va. 430, 513 S.E.2d 657 (1998), this Court held that "[t]he standard of review applicable to an appeal from a motion to alter or amend a judgment, made pursuant to W. Va. R. Civ. P. 59(e), is the same standard that would apply to the underlying judgment upon which the motion is based and from which the appeal to this Court is filed." In this case, Mr. Lafferty has appealed the circuit court's denial of his motion to alter or amend the summary judgment order entered in favor of Mr. Cogar. This Court held in Syllabus Point 1 of *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994), that, "A circuit court's entry of summary judgment is reviewed *de novo.*" Accordingly, with this standard in mind, we now consider the issue presented in this case.

## III.

### DISCUSSION

The issue presented in this case is whether a partner in a West Virginia general partnership that owns property sold at a tax sale is entitled to separate notice of the right to redeem. Contrary to the finding of the circuit court, Mr. Lafferty contends that partners are not entitled to separate notice and that notice must only be served upon the partnership.

W.Va.Code § 11A–3–19 (1998) sets forth a list of requirements that a purchaser of property at a tax sale must satisfy in order to secure a deed to the purchased property. One of those requirements directs the purchaser to "[p]repare a list of those to be served with notice to redeem and request the clerk to prepare and serve the notice as provided in sections twenty-one [§ 11A–3–21] and twenty-two [11A–3–22] of this article." W.Va.Code § 11A–3–19(a)(1). The statute, however, fails to define who or what class of people or entities are entitled to notice of the right to redeem when property has been sold as a result of delinquent taxes. As this Court first noted in *Rollyson v. Jordan*, 205 W.Va. 368, 374, 518 S.E.2d 372, 378 (1999), "A survey of both this statutory provision and the other sections comprising this body of law, concerning the 'Sale of Tax Liens and Nonentered, Escheated and Waste and Unappropriated Lands,' W.Va.Code § 11A–

---

2. The value of the improvements made by Mr. Lafferty to the subject property and his right to any reimbursement therefor are issues remaining

before the circuit court pending the outcome of this appeal.

3–1, *et seq.*, fails to reveal a precise designation of the intended recipients of such notice."

*Rollyson* involved lienholders of real estate sold at a tax sale who complained that they did not receive notice of their right to redeem. After a detailed examination of the relevant statutory provisions, this Court held in Syllabus Point 4 of *Rollyson* that,

> The persons entitled to notice to redeem in conjunction with a purchaser's application for a tax deed, pursuant to W.Va.Code § 11A–3–19(a)(1) (1994) (Repl.Vol.1995),[3] are those persons who are permitted to redeem the real property subject to a tax lien or liens, as contemplated by W.Va. Code § 11A–3–23(a) (1995) (Repl.Vol. 1995),[4] which persons include "the owner" of such property and "any other person who was entitled to pay the taxes" thereon.

(Footnotes added). This Court reasoned that "those persons who have a right to redeem property which has been sold at a tax sale must be the same individuals who are entitled to receive notice to redeem in connection with the purchaser's application for a tax deed, as contemplated by W.Va. Code § 11A–3–19(a)(1)." *Rollyson*, 205 W.Va. at 374, 518 S.E.2d at 378.

■ W.Va.Code § 11A–1–9 (1941) specifies who is entitled to pay taxes on real estate. The statute provides, in pertinent part,

> Any owner of real estate whose interest is not subject to separate assessment, or any person having a lien on the land, or on an undivided interest therein, or any other person having an interest in the land, or in an undivided interest therein, which he desires to protect, shall be allowed to pay the whole, but not a part, of the taxes assessed thereon. Any co-owner of real estate whose interest is subject to separate assessment shall be allowed at his election to pay the taxes either on his own interest

alone or in addition thereto upon the interest of any or all of his co-owners.

W.Va.Code § 11A–1–9. Thus, in order to resolve the issue presented in this case, we must determine whether Mr. Cogar as a partner of Whitco was an owner of the subject property or had an interest in the property that would have entitled him to pay the taxes. To make this determination, we must examine the relevant provisions of the Uniform Partnership Act, W.Va.Code §§ 47B–1–1 -to 47B–11–5.

W.Va.Code § 47B–1–1 (2003)[5] defines "partnership" as "an association of two or more persons to carry on as coowners a business for profit formed under section two [§ 47B–2–2], article two of this chapter, predecessor law, or comparable law of another jurisdiction and includes, for all purposes of the laws of this state, a registered limited liability partnership." In addition, W.Va. Code § 47B–2–1 (1995) provides that, "A partnership is an entity distinct from its partners." With respect to partnership property, W.Va.Code § 47B–2–3 (1995) states that, "Property acquired by a partnership is property of the partnership and not of the partners individually." Property is partnership property if it is acquired in the name of the partnership. W.Va.Code § 47B–2–4 (1995). "A partner is not a coowner of partnership property and has no interest in partnership property which can be transferred, either voluntarily or involuntarily." W.Va. Code § 47B–5–1 (1995).

This Court has long since held that "[w]here the language of a statute is clear and without ambiguity the plain meaning is to be accepted without resorting to the rules of interpretation." Syllabus Point 2, *State v. Elder*, 152 W.Va. 571, 165 S.E.2d 108 (1968). Based upon the provisions of the Uniform Partnership Act set forth above, we find that Mr. Cogar was not an owner of the subject

---

**3.** *Rollyson* was decided based upon the 1994 version of W.Va.Code § 11A–3–19. Although the statute was amended in 1998, subsection (a)(1) was not changed.

**4.** W.Va.Code § 11A–3–23(a) provides, in pertinent part:

> After the sale of any tax lien on any real estate pursuant to section five [§ 11A–3–5] of

this article, the owner of, or any other person who was entitled to pay the taxes on, any real estate for which a tax lien thereon was purchased by an individual may redeem at any time before a tax deed is issued for the real estate.

**5.** We refer to the 2003 version of the statute because the definition of "partnership" has not been amended since 1996.

property nor did he have an interest in such property independent of the partnership that would have entitled him to pay the taxes thereon. The relevant statutes clearly provide that partners are not owners in any way of partnership property, nor do they have an interest in partnership property. While Mr. Cogar could have paid the taxes on behalf of the partnership, he had no individual right to pay the taxes in accordance with W.Va.Code § 11A–1–9. Consequently, he was not entitled to separate notice of the right to redeem as provided in W.Va.Code § 11A–3–19.

In sum, we now hold that partners in a West Virginia general partnership as defined by W.Va.Code § 47B–1–1 are not coowners of partnership property and have no interest in partnership property that entitles them to separate notice of the right to redeem partnership property that has been sold for delinquent taxes. When property owned by a West Virginia general partnership is sold for delinquent taxes, it is only necessary to serve notice of the right to redeem as set forth in W.Va.Code § 11A–3–19 upon the partnership.

Having found that Mr. Cogar was not entitled to separate notice of the right to redeem, we reverse the final order of the circuit court which granted summary judgment in favor of Mr. Cogar and voided the quitclaim deed granted to Mr. Lafferty. Upon thorough examination the record, we find that notice of the right to redeem was properly served upon the partnership, Whitco. W.Va.Code § 11A–3–22 (1995) provides that notice of the right to redeem shall be served "in the manner provided for serving process commencing a civil action or by certified mail, return receipt requested." In this case, notice of the right to redeem was served by certified mail upon Whitco at the address listed in the partnership agreement on file in the Clerk's office. When the certified mail was unclaimed, notice was then provided by newspaper publication on three occasions. Clearly, notice of the right to redeem was served upon the partnership. The partnership failed to redeem the property. Therefore, the deed issued to Mr. Lafferty was valid. Accordingly, we remand this case to the circuit court with directions to enter an order granting summary judgment in favor of Mr. Lafferty. *See* Syllabus Point 3, *Aetna Casualty & Surety Co. v. Federal Ins. Co. of New York,* 148 W.Va. 160, 133 S.E.2d 770 (1963) ("A motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law.").

## IV.

## CONCLUSION

For the reasons set forth above, the final order of the Circuit Court of Raleigh County entered on July 20, 2005, is reversed, and this case is remanded to the circuit court with directions to enter an order granting summary judgment in favor of Mr. Lafferty.

Reversed and remanded with directions.